HERNÁNDEZ, DEMANDANTE Y APELADO, *v.* DELGADO, DEMANDADO
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao
en pleito sobre cobro de dinero.

No. 2681.—Resuelto en febrero 23, 1923.

OBLIGACIONES—FIADOR Y FIADO.—Habiendo suscrito el demandante en este caso
una obligación solidaria para determinado acreedor, sin recibir beneficio al-
guno y solamente por complacer el ruego del demandado que también la sus-
cribió solidariamente, es preciso concluir que entre demandante y demandado
existió la relación jurídica de fiador y fiado. El artículo 1728 del Código
Civil fué promulgado para garantía de personas a quienes se reclama el
pago como fiadores, por lo cual no es aplicable al presente caso.

ID.—ID.—CAUSA DE ACCIÓN—ADMISIÓN QUE CURA DEFECTOS DE LA DEMANDA.—
Una demanda en la cual el fiador reclama al fiado el importe de la obliga-
ción, no aduce hechos suficientes si no alega que el fiador efectuó el pago;

pero si el demandado conviene durante el juicio en que efectivamente el demandante efectuó el pago al acreedor, el defecto de la demanda queda subsanado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. A. Aponte, Jr.*

Abogado del apelado: *Sr. F. González.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

José J. Hernández, Pedro Delgado y R. Morales & Co. suscribieron solidariamente a favor del Banco Territorial y Agrícola un pagaré por $700 cuyo pago debía ser hecho el 4 de febrero de 1918. En septiembre de ese año José J. Hernández demandó a Pedro Delgado para que le pagase el importe de esa obligación, alegando que a instancia y requerimiento de su demandado suscribió como fiador dicho pagaré; que Delgado dispuso de su importe y no lo pagó a su vencimiento; que el Banco acreedor demandó judicialmente a los tres suscribientes del documento cobrándoles el capital, intereses convenidos y las costas, gastos y honorarios de abogado; que embargó bienes del demandante y que R. Morales & Co. carece en absoluto de bienes de fortuna.

Dictada sentencia contra el demandado condenándole a pagar $861.54 y las costas, interpuso esta apelación en la que alega como primer motivo de su recurso que el tribunal inferior cometió error al no declarar con lugar la excepción que opuso a la demanda por no aducir hechos determinantes de causa de acción.

Se funda el apelante que si es un fiador, como alega la demanda, el demandante tiene que alegar en ella que ha pagado la obligación para que tenga derecho a ser indemnizado por su fiado, según los artículos 1739 y 1740 del Código Civil; pero alega el apelado que aún sin haber pagado tiene acción contra su fiado de acuerdo con el artículo 1744 del mismo Código, porque la obligación estaba vencida y porque fué demandado judicialmente por el acreedor.

De acuerdo con los artículos 1739 y 1740 citados, el pago hecho por el fiador lo subroga en los derechos del acreedor contra el deudor y le da acción para ser indemnizado por éste, y por tanto la demanda en este caso no contiene hechos determinantes de causa de acción porque el fiador no alega haber pagado por su fiado, sin que el hecho de estar vencida la obligación y de haber sido demandado el fiador para que haga efectiva la obligación origine en él acción para reclamar el pago, pues los casos a que se refiere el apelado, que son de los comprendidos en el artículo 1744, no dan acción al fiador para el cobro sino para obtener que el fiado le releve de la fianza o le dé garantías que le pongan a cubierto de los procedimientos del acreedor y del peligro de insolvencia en el deudor, según expresamente declara el último párrafo de dicho artículo. Sin embargo no revocaremos por ese motivo la sentencia apelada porque el demandado aceptó espontáneamente en el juicio, en una estipulación que con el demandante presentó al tribunal, que el demandante pagó al Banco Territorial y Agrícola el importe de la obligación consignada en el pagaré, y por esto es de aplicación la máxima de derecho *"consensus tollit errerem."*

El segundo motivo de error es por haber sido condenado el apelante a pagar la totalidad de la deuda.

No se discute en este pleito la relación jurídica del demandante para con el acreedor sino la que surgió entre aquél y el demandado Pedro Delgado por virtud de los hechos que hemos expuesto; y en vista de que el demandante suscribió para con el acreedor una obligación solidaria sin recibir nada por ella y solamente por complacer el ruego de Pedro Delgado, llegamos a la conclusión de que existió entre ambos la relación de fiador y fiado, pues Hernández confió en que Delgado pagaría esa obligación y en que, caso de tener que pagarla él, Delgado le reintegraría el dinero que por ella satisficiera. El art. 1728 del Código Civil, citado por el apelante para impugnar la calidad de fiador suyo del demandante, se-

gún el cual la fianza ha de ser expresa y no se presume, no tiene aplicación en este caso porque fué promulgada para garantía de personas a quienes se reclama el pago como fiador.

Por las razones expuestas la sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Hutchison y Franco Soto.