CRÉDITO Y AHORRO PONCEÑO, DEMANDANTE Y APELANTE, *v.* BEIRÓ ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Guayama en pleito sobre cobro de dólares.

No. 2957.—Resuelto en febrero 19, 1924.

DEUDORES SOLIDARIOS—PRÉSTAMO.—Un deudor que conviene en suscribir y suscribe una obligación con carácter de codeudor solidario no puede eludir tal responsabilidad con alegación y prueba de que fué otro codeudor quien se benefició con el dinero del préstamo y que al acreedor le constaba que su responsabilidad no era la de tal codeudor sino la de fiador solidario.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. T. Bernardini.*

Abogado de los apelados: *Sr. C. Domínguez Rubio.*

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

Esta es una acción personal en cobro de un pagaré, que literalmente dice:

"Por $1,500.00.—Para 23 de Octubre de 1917.—Pagaremos mancomunada y solidariamente a la orden del Crédito y Ahorro Ponceño, en su oficina de Guayama, el día 23 de Octubre de 1917, la suma de un mil quinientos dólares, U. S. Currency, por valor recibido. Nos sometemos expresamente a los tribunales de Guayama y nos obligamos a satisfacer las costas y los gastos que el cobro de este documento ocasione incluyendo los honorarios de los abogados de quienes se valga su tenedor hasta quedar satisfecho del capital e intereses al tipo del diez por ciento anual.—Guayama, 24 de Abril de 1917.—Firmado.—Patria M. de Vivaldi.—Fernando Beiró.—S. Vivaldi Pacheco."

El demandado Fernando Beiró admitió la autenticidad del documento, pero su defensa sustancial puede resumirse en el párrafo contenido en su contestación, que lee:

"Que a pesar de constar a dicha demandante que el préstamo referido era para el uso del Sr. Vivaldi con la fianza de la dicha doña Patria y del demandado Beiró, el dicho demandante exigió, por ser su costumbre, que dichos fiadores y el principal pagador Sr. Vivaldi suscribieran el documento que aparece transcrito en el hecho 5o. de la demanda, pero con conocimiento del carácter de fiador del demandado Beiró, y que con posterioridad a la fecha en que fué suscrito dicho pagaré y entregado el mismo al demandante, dicho demandante siempre trató y actuó sobre dicha obligación como si la misma fuera, y al efecto era, la obligación de Santiago Vivaldi Pacheco, fiado por el demandado Beiró."

Alegando el carácter de fiador el demandado sostiene además que las prórrogas que le fueron concedidas a Vivaldi por la demandante sin su consentimiento, extinguieron su responsabilidad como tal fiador.

La corte inferior aceptó la teoría del demandado y de-

duciendo de la prueba oral el carácter de fiador del demandado en su obligación con el acreedor, estableció en su opinión las siguientes conclusiones:

"1. Que el demandado Fernando Beiró, si bien aparece como codeudor principal de la obligación, firma dicho pagaré en concepto de fiador, y no como deudor y principal pagador.

"2. Que el Banco prestamista sabía y tenía conocimiento de que el demandado Beiró había suscrito dicha obligación solamente en el concepto de fiador solidario.

"3. Que no obstante saber y conocer el Banco demandante que el demandado Sr. Beiró no era sino sólo un mero fiador, concedió prórrogas al deudor principal señor Vivaldi sin el consentimiento, conocimiento o aquiescencia del fiador señor Beiró.

"4. Que la concesión de esas prórrogas al deudor principal señor Vivaldi han tenido el efecto de exonerar de responsabilidad al señor Beiró."

Si no fuera por la extensión considerable con que este pleito ha sido tratado por una y otra parte en sus respectivos alegatos, el asunto realmente no hubiera tenido más importancia por referirse a cuestiones nada complejas, en las que a pesar de las abundantes y diversas citas de autoridades y jurisprudencia de otros tribunales que hacen dichas partes, las mismas parecen resueltas por principios ya sustentados por esta Corte Suprema.

Los errores señalados son varios, pero la síntesis de todos se reduce a sostener una errónea apreciación de los hechos por el juez inferior.

Para que podamos apreciar mejor el punto de vista que presenta el apelado para sostener la actuación de la corte inferior, copiamos de su alegato, como más salientes, los párrafos siguientes:

"En esta obligación se dice que Vivaldi, la Sra. Martínez y Beiró pagarán solidaria y mancomunadamente al Banco la suma de 1,500 dollars en seis meses.

"El caso de *Hughart* vs. *Sucesión Hamill*, 15 D. P. R. página 308, es de aplicación a este primer motivo.

"En dicho caso los caballeros Hamill, Hodges y Hughart suscribieron un pagaré solidario y mancomunado a favor del American Colonial Bank. Al vencimiento Hughart lo pagó y demandó a la sucesión Hamill para que pagase esta cantidad, ya que él le había servido de fiador a Hamill para obtener el préstamo. La defensa era que la obligación era solidaria y en todo caso tenía que pagar sólo la tercera parte.

\*     \*     \*     \*     \*     \*     \*

"Si el préstamo lo solicitó Vivaldi; si quien abonó algo fué éste, y si a moción de éste se concedieron las prórrogas, el contrato de Beiró en su esencia era un contrato de fianza solidaria, no importando la forma en que aparezca.

\*     \*     \*     \*     \*     \*     \*

La prueba explica y demuestra que aunque Beiró aparece recibiendo un dinero, la verdadera causa era el préstamo a Vivaldi. Si él no recibió dinero, no era un deudor, sino un fiador: su obligación era subsidiaria."

A la simple vista aparece la aplicación equivocada que del contrato de fianza quiere hacerse a los hechos del presente caso y este es el error manifiesto del juez inferior al considerar a Fernando Beiró como fiador solidario de la obligación y no en su verdadero carácter de codeudor. El caso de *Cintrón & Aboy* v. *Solá,* 22 D. P. R. 262, es una aplicación práctica de los principios que regulan y fijan las obligaciones de un deudor solidario, ya se beneficie o nó del préstamo, o se trate de mostrar que no fue su responsabilidad la que aparece del documento sino otra distinta. Y a este respecto el lenguaje de esta Corte Suprema es como sigue:

"Y no se arguya que las pruebas aportadas al juicio demuestran que la deuda se contrajo en beneficio exclusivo de Solá e Hijo y que el demandado sólo garantizó el cumplimiento de la obligación, pues aunque así sea, siempre tendríamos que Celestino Solá sin beneficiarse con el dinero del pagaré y sin tener propiamente el carácter de deudor, quiso tomar dicho carácter al firmar el documento como deudor solidario para que Solá e Hijo recibiera el dinero de Sorba, quien sin esa condición no lo hubiera facilitado. No importa que

Celestino Solá dejara de beneficiarse del préstamo; él convino en ser deudor solidario para servir a Solá e Hijo, y ese convenio quedó consignado en el pagaré al ser firmado éste por el demandado como deudor solidario. La ley del contrato quedó establecida en el documento como última expresión de la voluntad de las partes, y a ella tiene que someterse Celestino Solá.

"Bajo la teoría que dejamos establecida surge como conclusión que el demandado Celestino Solá no es fiador de Solá e Hijo, sino deudor solidario de Antonio María Sorba conjuntamente con Solá e Hijo. Siendo ello así carece de base el primer motivo del recurso fundado en el artículo 1752 del Código Civil, preceptivo de que la prórroga concedida al deudor por el acreedor sin el consentimiento del fiador extingue la fianza.

El apelado, no obstante, intenta discutir el caso anterior, expresando que si se hubiera arrojado más luz sobre los hechos y establecido defensas de la naturaleza que se han opuesto en este caso, tal vez su conclusión hubiera sido distinta. Sin embargo, nada hay para rectificar con vista de los razonamientos del apelado. En contrario, sus defensas obedecen a la confusión que establece entre las relaciones de los deudores solidarios y el acreedor y las que existen con los codeudores entre sí. Y esta errónea concepción proviene de tratar de aplicar, tanto la corte inferior como el apelado, principios que rigen en el Estado de Louisiana por la semejanza que existe entre su Código Civil y el nuestro. En dicho Estado hay la disposición que regula las relaciones entre codeudores para el caso de que el préstamo *in sólidum* se tome solamente por uno de los deudores solidarios, siendo de ese modo este último responsable a los demás por el total de la deuda y considerándose éstos fiadores respecto del deudor beneficiado. Art. 2106 del Código Civil de Louisiana. Pero eso no afecta en nada la relación del acreedor con dichos deudores *in sólidum,* pudiendo aquél reclamar de éstos, o de cualquiera de ellos, el total del préstamo. Y el error sube de punto al citar el apelado como aplica-

ble, el caso de *Hughart v. Sucn. Hamill,* 15 D. P. R. 308. El caso es el de un fiador que pagó por el deudor principal y aquél repite contra éste y esta Corte Suprema fija las relaciones entre los que suscribieron la obligación a favor del acreedor, aplicando rectamente los preceptos relativos al contrato de fianza, artículos 1739 y 1740 del Código Civil, pero nada fué resuelto en dicho caso de la responsabilidad de los deudores respecto al acreedor y ninguna consecuencia legal puede deducirse que se haga aplicable al asunto que nos ocupa. Y así resulta innecesario seguir al apelado en su extenso alegato, ya que todas sus conclusiones se basan en la falsa premisa de considerar al demandado Beiró con el carácter de un fiador solidario.

Otro aspecto que discute el apelado y que alega no haber planteado ni resuelto el juez de la corte inferior, sin que aparezca tampoco mencionado en su contestación, se refiere a que al verificarse el primero y segundo abono a cuenta del pagaré, se tacharon en el documento cantidades y fechas, lo que equivale a sostener que el documento fué alterado sin la intervención del demandado, quien no recibió aviso de las prórrogas que fueron concedidas ni consintió a las mismas. Las condiciones mismas en que el apelado plantea la cuestión, que ni siquiera fué tratada por el apelante en su alegato, hace que no pueda ser objeto de consideración por primera vez en esta apelación. Pero no está demás que digamos que en el uso corriente de las transacciones comerciales, el abono que se verifica a cuenta de pagarés a veces se hace constar en el mismo documento, así como las prórrogas, y dichas circunstancias tienen entonces el carácter de mero memorándum y no afectan la validez de la obligación, a no ser que se hicieran con la intención de alterar el documento y por tanto con un fin fraudulento, todo lo cual debe alegarse y, para mayor esclarecimiento, tener el documento original a la vista.

Por las razones expuestas, la sentencia de la corte in-ferior debe revocarse.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.