Celestino Pérez Rivera, demandante y apelado, *v.* La Sociedad Agrícola Mercantil en Liquidación Santiago Hermanos, y José Santiago Jiménez, Basilio Santiago Jiménez, gestores de dicha sociedad, demandados y apelantes.

No. 4144.—*Visto:* Mayo 6, 1927. *Resuelto:* Junio 25, 1927.

1. Letras y Pagarés—Interpretación y Operation—Partes en la Obligación o Contrato—Solidaridad—Firmantes de Favor *(Accommodation makers).*—

Cuando dos personas, con otra, firman un pagaré como principales a fin de que ésta obtuviera el dinero, aquéllos son solidariamente responsables entre sí y pueden cobrarse, el uno del otro, la cantidad adeudada.

2 Evidencia—Evidencia Oral o Extrínseca que Afectan los Escritos—Contradicción, Variación o Adición de los Términos de un Documento Escrito—Responsabilidad Bajo un Escrito y Extensión de la Misma—Letras y Pagarés.—El artículo 1107 del Código Civil demuestra que, de acuerdo con la Ley Civil en Puerto Rico, las relaciones entre las partes en una obligación por ellos firmada pueden ser distintas a las demostradas por dicha obligación.

3. Letras y Pagarés—Interpretación y Operation—Partes en la Obligación o Contrato—Firmantes de Favor.—Cuando dos personas, con otra, firman como principales un pagaré a favor de un tercero con el fin de que dicha otra persona obtuviera el dinero, entre aquéllas y el tercero existe una obligación de fianza.

Sentencia de *Miguel A. Muñoz,* J. (San Juan), declarando sin lugar la demanda en cuanto a una de sus dos causas de acción y con lugar en cuanto a la otra, con costas y honorarios. *Confirmada.*

A. *Sarmiento,* abogado de los apelantes; *José Martínez Dávila,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Tres personas firmaron un pagaré. Ellas fueron Celestino Pérez Rivera, la Sociedad Santiago Hermanos y Bautista Rosario. El pagaré fué otorgado a favor del Banco Comercial, y tanto en su forma como en lo que concernía al banco la obligación contraída era solidaria. El banco por razón de la obligación contraída resolvió demandar a Celestino Pérez Rivera, obtuvo sentencia y dicho Celestino Pérez Rivera pagó en su totalidad el pagaré montante a $1,285.75 y $150 por concepto de honorarios de abogado. Entonces Pérez demandó a Santiago Hermanos en cobro de la mitad de la cantidad que él se vió obligado a pagar.

La evidencia demostró que la persona que recibió el dinero del Banco Comercial fué Bautista Rosario, y que el demandante Pérez y la demandada Santiago Hermanos firmaron como principales a fin de que Rosario pudiera obtener el dinero del banco; en otras palabras, que el demandante y la demandada en este pleito fueron los firmantes de favor de Bautista Rosario (*accommodation makers*).

Santiago Hermanos se defendió basándose en que la obligación era solidaria y que por tanto cada uno de los otorgantes era exclusivamente responsable; que no podía haber contribución entre ellos; que el tratar el demandante de alegar que él era meramente un firmante de favor o un fiador de Bautista Rosario equivalía a cambiar los términos de un contrato escrito.

El documento o pagaré firmado por los tres otorgantes solamente evidenciaba una obligación de dichas tres personas para con el banco. No se demostró que existía ningún contrato entre los supuestos otorgantes y sus relaciones entre sí, ya fueren contractuales o en alguna otra forma, no fueron demostradas en manera alguna en dicho documento. La corte dictó sentencia a favor del demandante fundada en la teoría de que el demandante y la demandada eran en realidad fiadores de Bautista Rosario.

El artículo 1745 del Código Civil dice que cuando son dos o más los fiadores de un mismo deudor y por una misma deuda, el que de ellos la haya pagado podrá reclamar de cada uno de los otros la parte que proporcionalmente le corresponda satisfacer. La única cuestión a resolver en este caso es si existía una obligación de fianza entre las personas que firmaron el pagaré a favor del banco. En realidad no hay duda que Bautista Rosario recibió el dinero del banco y que las otras dos personas firmaron solamente para que Rosario pudiera obtener dicho dinero.

El artículo 1723 del Código Civil dice:

"Por la fianza se obliga uno a pagar o cumplir por un tercero, en el caso de no hacerlo éste.

"Si el fiador se obligare solidariamente con el deudor principal, se observará lo dispuesto en la Sección IV, Capítulo III, Título Primero de este Libro."

La referencia que se hace es a los artículos 1104 *et seq.* del Código Civil. El artículo 1107, por ejemplo dice: "La solidaridad podrá existir aunque los acreedores y deudores

no estén ligados del propio modo y por unos mismos plazos y condiciones.'' Este artículo demuestra que de acuerdo con la ley civil vigente en Puerto Rico las relaciones entre las partes mismas pueden ser distintas a las demostradas por un documento firmado por ellos. El artículo 1112, sin embargo, es el que debe ser invocado principalmente. Este dispone lo siguiente:

''El pago hecho por uno de los deudores solidarios extingue la obligación.

''El que hizo el pago sólo puede reclamar de sus codeudores la parte que a cada uno corresponda, con los intereses del anticipo.

''La falta de cumplimiento de la obligación por insolvencia del deudor solidario será suplida por sus codeudores a prorrata de la deuda de cada uno.''

Por tanto, parece evidente que deudores solidarios pueden cobrarse el uno del otro la cantidad adeudada. El demandante y la demandada en este caso eran solidariamente responsables entre sí cuando firmaron para ayudar a Bautista Rosario.

La cuestión no es nueva en esta jurisdicción. Una situación parecida se presentó en el caso de *Hughart* v. *Sucesión Hamill,* 15 D.P.R. 308. De acuerdo con los hechos de dicho caso la corte basó su razonamiento principal en el artículo 1112 y resolvió que uno de los tres otorgantes de un pagaré puede recobrar de la sucesión del deudor principal. La decisión en dicho caso está, sin embargo, fortalecida por la referencia hecha en el artículo 1723, *supra.* Posteriormente, en el caso de *Crédito y Ahorro Ponceño* v. *Beiró,* 32 D.P.R. 817, esta corte aceptó la doctrina del caso de Hughart, pero demostró que los hechos del caso que tenía ante sí eran distintos.

En los Estados Unidos continentales, cuando dos personas firman por igual para ayudar a un deudor surge un contrato implícito por razón del pago, y el otro fiador debe pagar su proporción. Allá, según varios principios un firmante de favor es considerado siempre como un fiador. En ·

Maryland un estatuto algo similar al nuestro fué igualmente interpretado en el caso de *Fuhrman* v. *Fuhrman,* 115 Md. 441.   Louisiana ha interpretado los derechos de los firmantes de favor entre sí, pero las decisiones se hacen depender de principios de ley comercial en general y no de algunas disposiciones especiales del Código Civil.   Nosotros también creemos que cuando partes *in pais* firman para ayudar a un tercero, entre las dos que firman para favorecer al tercero, surge una obligación de conformidad con los principios del artículo 1745, *supra.*

La sentencia *debe ser confirmada.*