FÉLIX R. CARR, ETC., demandantes y recurrentes, *v.* ADOLFO NONES, JR., demandado y recurrido.

*Número:* R-68-170 *Resuelto:* 7 de enero de 1970

*Benicio Sánchez Castaño, Benicio Sánchez Rivera, Ana R. Rodríguez Olazagasti* y *Gustavo A. Del Toro Bermúdez,* abogados de los recurrentes.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

Los hechos estipulados y aceptados son así:

1. El demandado y recurrido Adolfo Nones, Jr., tomó un préstamo al Banco de San Juan por el monto de $2,501.49.

Para obtener dicho préstamo, Nones obtuvo la firma del demandante recurrente Carr y de un tercero, y todos se obligaron con el Banco como deudores solidarios. Carr sólo actuó para facilitar la obtención del préstamo por Nones, no tuvo interés personal o pecuniario en obtener el mismo, y en nada se benefició con la transacción.

2. Al dejar de pagar Nones el Banco demandó a Carr y le embargó. Carr pagó la totalidad de la deuda, en la suma de $2,872.48.

3. En este pleito Carr demandó a Nones para resarcirse de lo pagado por él. La Sala sentenciadora, aplicando el Art. 1098 del Código Civil, ed. 1930, dictó sentencia condenando a Nones a reintegrar a Carr la tercera parte, $957.49, con intereses desde que Carr satisfizo al Banco la deuda.

A instancias de Carr expedimos auto de revisión.

El recurrente planteó la cuestión litigiosa a base de que, conforme a los hechos estipulados y aceptados, él fue un fiador de Nones, con derecho a resarcirse de la totalidad de lo pagado por él al Banco, conforme al Art. 1737 del Código Civil, ed. 1930.

El recurrido se defendió a base de que Carr fue un deudor solidario en la obligación, y le era aplicable lo dispuesto en el Art. 1098 del mismo Código. Veamos:

Dispone el Art. 1098 del Código Civil, ed. 1930, bajo la Sección cuarta del Capítulo III del Título I del Cuarto Libro, referente dicha sección cuarta a las obligaciones mancomunadas y solidarias:

"El pago hecho por uno de los deudores solidarios extingue la obligación.

El que hizo el pago sólo puede reclamar de sus codeudores la parte que a cada uno corresponda, con los intereses del anticipo."

Al definirse el contrato de fianza, se estatuye en el Art. 1721 del Código Civil, ed. 1930, que:

"Por la fianza se obliga uno a pagar o cumplir por un tercero, en el caso de no hacerlo éste.

Si el fiador se obligare solidariamente con el deudor principal, se observará lo dispuesto en la sección IV, capítulo III, título I de este libro."

Dispone el Art. 1729 que el fiador no puede ser compelido a pagar al acreedor sin hacerse antes excusión de todos los bienes del deudor, pero no tendrá lugar la excusión, "cuando se haya obligado solidariamente con el deudor", según el párrafo 2 del Art. 1730.

El Art. 1736 estatuye que cuando son varios los fiadores de un mismo deudor y por una misma deuda, la obligación de responder de ella se divide entre todos, y el acreedor no puede reclamar a cada fiador "sino la parte que le corresponda satisfacer, a menos que se haya estipulado expresamente la solidaridad."

Según el Art. 1737 que le sigue, el fiador que paga por el deudor debe ser indemnizado por éste, y la indemnización cubre: 1. *La cantidad total de la deuda.*

El fiador se subroga por el pago en los derechos que el acreedor tenía contra el deudor, según reza el Art. 1738; y

Finalmente, y conforme al Art. 1743, cuando son dos o más los fiadores de un mismo deudor, y por una misma deuda, el que de ellos haya pagado "podrá reclamar de cada uno de los otros la parte que proporcionalmente le corresponda satisfacer."

Hasta aquí los supuestos del Código Civil aplicables.

Es clara la distinción que hace el Código de las figuras del deudor solidario y del fiador, y los efectos jurídicos que resultan de una u otra posición.

Hay, sin embargo, una tercera figura intermedia, ecléctica, que como cuestión de hecho y de derecho participa a la vez de la naturaleza de la figura del deudor solidario y de la del fiador.

Esta figura intermedia es el fiador-solidario. Nuestro derecho, así como el español, la tiene reconocida. Ya en 1908 se menciona en *Salgado* v. *Villamil*, 14 D.P.R. 449, pág. 460. Don Jacinto Texidor se refiere a ella así en *P. Millón & Co. Sucrs.* v. *Caamaño*, 38 D.P.R. 193 (1928), a las págs. 199–200:

"Se ha señalado como error el que la corte consideró a García, el demandado, como fiador solidario de la obligación reclamada.

. . . . . . . .

El documento presentado dice: 'Pagaremos solidaria y mancomunadamente . . . etc.'

Esta forma de establecer la obligación no es otra cosa que la expresión de la solidaridad, de la constitución de la responsabilidad *in solidum*, en bloque en cuanto a los deudores, y dando al acreedor las facultades y derechos especiales de esta clase de obligaciones, entre ellas, la de reclamar el cumplimiento por cualquiera de los obligados, y en la totalidad de la prestación. Por esta razón las fianzas en que el fiador acepta la condición de solidario *casi se confunden* con la obligación solidaria corriente, ya que el fiador, en esos casos, pierde el derecho de excusión de bienes del deudor principal. (No. 2, Art. 1732, Código Civil).(\*) Si el fiador, en esos casos, *no conservara con respecto a su fiado, algunos de los derechos especiales que crea el contrato de fianza,* se podría creer que aquellas obligaciones, con la nota de solidaridad, no tenían el carácter de fianzas.

Tan *se equipara* por el Código la situación del *fiador solidario,* a la del *deudor* de la misma clase, que el párrafo segundo del Artículo 1723 de dicho Código ordena la observancia de lo dispuesto en la Sección IV, Capítulo III, Título Primero, del Libro Cuarto, que se refiere a las obligaciones mancomunadas y obligaciones solidarias. Y este tribunal, en el caso de *Santiago* v. *Ares,* 25 D.P.R. 481, ha declarado que el Artículo 1111 del Código Civil,(\*\*) es aplicable a los fiadores solidarios." (Énfasis suplido.)

---

(\*) Art. 1730, ed. 1930.

(\*\*) Art. 1097, ed. 1930.

"El acreedor puede dirigirse contra cualquiera de los deudores solidarios o contra todos ellos simultáneamente . . . ."

En la doctrina española se admite esta figura intermedia o ecléctica de "fiador-solidario". Observa Don José Castán:

"Este último carácter, [la subsidiaridad] que es normal de la fianza, no es, sin embargo, *esencial,* pues la doctrina científica admite que puede un fiador, *sin perder su función de tal,* obligarse solidariamente con el deudor. Es verdad que, en nuestro Derecho, el párrafo segundo del Art. 1.822 prescribe que si el fiador se obligare solidariamente con el deudor principal, se observará lo dispuesto en la sección relativa a las obligaciones solidarias; lo que parece indicar que en tal caso se considerará al fiador como un deudor principal, obligado *in solidum.* Pero puede suceder que *la intención* de los contratantes sea que el fiador no se convierta en un mero deudor principal, *sino que conserve su carácter de fiador a pesar de obligarse solidariamente con el deudor.* Y el Tribunal Supremo admite *la eficacia* de esta modalidad contractual, al decir que 'por consistir la fianza en la obligación de cumplir los compromisos contraídos por un tercero para el caso de no hacerlo éste, cabe que el fiador se obligue solidariamente con el deudor principal, *sin perder por ello el contrato su naturaleza propia.'* (sentencia de 29 de diciembre de 1898.)" (Este último énfasis es del autor.) Derecho Civil Español, Común y Foral, Tomo IV, 9ª ed. 1961, págs. 684–685.

Así también se manifiesta Manresa:

"Nuestro Tribunal Supremo tiene declarado también en sentencia de 29 de diciembre de 1898 'que por consistir la fianza en la obligación de cumplir los compromisos contraídos con un tercero para el caso de no hacerlo éste, cabe que el fiador se obligue solidariamente con el deudor principal, *sin perder por ello el contrato su naturaleza propia.'* " (Énfasis del autor.)

Y comenta Manresa:

"Por tanto, si de los términos del contrato o de la expresión de la voluntad del tercero resulta que *su intención no fue convertirse en un mero deudor principal,* sino constituirse tan sólo en fiador, *aunque obligándose solidariamente con éste sin perder por ello su carácter de tal,* podrá intentarse contra él la reclamación desde luego por efecto de dicha solidaridad sin hacer

antes excusión de los bienes del fiador; pero hecho el pago, tendrá todos los derechos inherentes al fiador, y no estará sujeto a las limitaciones propias del codeudor solidario. La distinción solo tiene trascendencia práctica en cuanto a los efectos de la relación interna, es decir, entre los obligados y no frente al acreedor, porque la obligación solidaria puede responder a las más distintas relaciones entre los deudores, y tales relaciones influyen en la configuración y alcance del derecho de repetición entre unos y otros. Pero cuando consta el carácter de fiador de uno de los deudores solidarios, es evidente que conserva contra el otro obligado todos los derechos que contra el deudor principal atribuye al fiador la regulación positiva del contrato de fianza. (Pérez y Alguer, pág. 465.) En tal sentido la sentencia de 21 de abril de 1931." Comentarios al Código Civil Español, Tomo XII, 5ta. ed. 1951, pág. 178. (Énfasis suplido.)

Nuestro Código Civil no instituye la figura intermedia del "fiador-solidario". Sin embargo, la reconoce en varios de sus artículos. En el párrafo 2do. del Art. 1721 que define el contrato de fianza; en el párrafo 2 del Art. 1739 sobre excusión de bienes; en el Art. 1736, todos relativos a la fianza.

En *Hernández* v. *Delgado*, 31 D.P.R. 570 (1923), en una situación de hechos parecida a la presente en que un firmante solidario de un pagaré a favor del Banco Territorial y Agrícola por $700 y quien pagó al Banco, demandó luego al principal obligado para resarcirse del pago en su condición de fiador invocando el derecho de indemnización que le concede el Art. 1737, ed. 1930, dijimos, pág. 572:

"El Segundo motivo de error es por haber sido condenado el apelante a pagar la totalidad de la deuda.

"No se discute en este pleito la relación jurídica del demandante para con el acreedor sino la que surgió entre aquél y el demandado Pedro Delgado por virtud de los hechos que hemos expuesto; y en vista de que el demandante suscribió para con el acreedor una obligación solidaria sin recibir nada por ella y solamente por complacer el ruego de Pedro Delgado, llegamos

a la conclusión de que existió entre ambos la relación de fiador y fiado, pues Hernández confió en que Delgado pagaría esa obligación y en que, caso de tener que pagarla él, Delgado le reintegraría el dinero que por ella satisficiera."

En el anterior caso de *Hernández* no se discute en la opinión ni se considera lo dispuesto en el segundo párrafo del Art. 1721 que define el contrato de fianza al efecto de que:

"Si el *fiador* se obligare solidariamente con el deudor principal, se observará lo dispuesto en la sección IV, capítulo III, título I de este libro".

en cuya sección está el Art. 1098 antes transcrito.

Examinamos el expediente original de apelación en ese caso de *Delgado*, y tampoco las partes mencionan o discuten en los alegatos la anterior disposición del segundo párrafo del Art. 1721. El punto no estuvo ante la consideración de este Tribunal, ni lo estuvo tampoco ante la consideración del tribunal de primera instancia. Confirmamos ahí la sentencia apelada que condenó a Delgado a resarcir al demandante $861.54, la totalidad del préstamo más intereses.

Un caso idéntico al presente en sus hechos es el de *Hughart* v. *Sucesión Hamill*, 15 D.P.R. 308 (1909). Tres personas se obligaron solidariamente en un pagaré a favor del Banco Colonial Americano por $750, pero una sola de ellas, Hamill, se benefició del préstamo, habiendo los otros firmado de favor para ayudarlo a obtener el mismo. Uno de los firmantes solidarios, Hughart, pagó la totalidad del préstamo al banco, y luego reclamó en demanda de la Sucn. de Hamill la devolución total de lo pagado. La entonces Corte de Distrito condenó a Hamill a reintegrar a Hughart la tercera parte de lo pagado, $250, aplicando el Art. 1112—Art. 1098, ed. 1930. Dijimos: (pág. 310)

"Se supone que el demandante Hughart como deudor solidario que pagó al Banco, reclama hoy de la codeudora también solidaria Sucesión Hamill la totalidad de la deuda, cuando siendo

tres los deudores solidarios que figuran en la obligación, sólo puede cobrarse a la Sucesión Hamill *la tercera parte* de la cantidad satisfecha por Hughart al Banco. Esto no es así.

"Aquí para nada debe tenerse en cuenta la naturaleza de la obligación contraída con el Banco Colonial. Ya sabemos que es una obligación solidaria y mancomunada."

Sosteniendo que la demanda se fundaba en que Hughart había sido fiador, y así se había probado, revocamos la sentencia que condenó a devolver sólo una tercera parte y ordenamos que el demandante recobrara la totalidad de los $750 con intereses desde que el préstamo fue satisfecho.

Como en el caso de *Delgado*, ante, este Tribunal no discutió, ni interpretó, el 2°. párrafo del Art. 1721, ni el 1098.

La decisión de *Hamill* fue seguida en principio en el de *Cintrón & Aboy* v. *Solá*, 22 D.P.R. 262 (1915), sólo que en éste, quien demandó al fiador solidario fue el acreedor. Se levantó como defensa *contra el acreedor*, que el demandado había sido solo un fiador. Rechazamos tal defensa, a base de la obligación *in solidum* que Solá tenía con el acreedor por razón de su firma como deudor solidario.

Igualmente se siguió el principio de Hughart en *Crédito y Ahorro Ponceño* v. *Beiró et al.*, 32 D.P.R. 817 (1924), pero al igual que el caso de *Aboy*, aquí se trataba también de una demanda del *acreedor*, contra un firmante como deudor solidario que alegaba ser solo un fiador.

En *Pérez* v. *Soc. Agr. Santiago Hnos.*, 37 D.P.R. 15 (1927), se trataba de la misma situación de deudores solidarios pero que actuaron como fiadores para favorecerle la transacción al beneficiario del préstamo.

Distinto al caso de autos, ahí un deudor solidario demandó al otro deudor solidario, o sea un fiador al otro fiador, para que le reintegrara la mitad de lo que él pagó al no ser satisfecho el préstamo por el deudor beneficiario del mismo. El co-deudor se defendió a base de que la obli-

gación era solidaria y que cada otorgante era exclusivamente responsable.

Rechazamos ese argumento, y confirmando la sentencia que condenó al co-fiador a reintegrar la mitad al otro fiador, dijimos que no había evidencia de las relaciones de los co-firmantes *entre sí*; que nuestro código demuestra que bajo la ley civil las relaciones *entre las partes mismas* pueden ser distintas a las demostradas por un documento firmado por ellas, y que deudores solidarios podían cobrarse entre sí la cantidad adeudada, conforme al Art. 1112 del Código Civil, Art. 1098, ed. 1930.

En el caso de autos el récord y los hechos admitidos producen la figura atípica del "fiador-solidario". Carr firmó el pagaré sólo para permitirle o facultarle a Nones la obtención del préstamo. Carr fue en este caso la parte acomodante definida en el Art. 382 del Código de Comercio, ed. 1932 (Art. 30 de la Ley Uniforme de Instrumentos Negociables, #17 de 1930).[1]

A tenor de la doctrina enunciada, Carr era un deudor solidario en cuanto al acreedor Banco de San Juan, responsable a éste por la totalidad de la deuda y sin que éste tuviera que hacer previamente excusión en los bienes de Nones. Pero ello no destruye la verdadera relación de fiador que fue Carr de Nones, en lo que respecta a los derechos de éstos entre sí.

 Nuestras decisiones pasadas han seguido la norma de la doctrina española, y en situaciones idénticas a éstas han resarcido al "fiador-solidario" la totalidad de lo pagado por él cuando ha requerido ese resarcimiento de su fiado o

---

[1] Art. 382:

"Parte acomodante es aquella que ha firmado un documento como expedidor, librador, aceptante o endosante, sin recibir valor alguno por ello, y con el fin de prestar su nombre a otra persona. Será responsable por el documento a un *tenedor* por *causa onerosa*, aunque dicho tenedor al tomar el documento supiese que era sólo una parte acomodante."

deudor, único beneficiario de la transacción. Es cierto que el segundo párrafo del Art. 1721 refiere la situación a las disposiciones de la Sección IV del Capítulo III del Título I del Libro Cuarto del Código Civil, que incluye una serie de disposiciones que regulan las obligaciones solidarias y mancomunadas, pero el Código no hace referencia directa al Art. 1098, aunque éste es uno de los comprendidos en dicha sección. Armonizando este artículo con los relativos a los de la fianza de modo que todos tengan vigencia y ninguno pierda su eficacia, ante el cuadro real de hechos puede decirse que la referencia del 2do. párrafo del Art. 1721 va dirigida a situaciones entre el *acreedor* y los *deudores*, y no a relaciones entre fiador y fiado. Aunque sin analizarlo, así hemos aplicado el derecho en nuestros casos del pasado, y así se ha aplicado por el Tribunal Supremo de España.

Hay otras consideraciones para que ésa sea la norma más aceptable. Desde el punto de vista de lo equitativo, no hay razón para que un beneficiario total de la transacción, que de momento no puede pagar y paga su "fiador-solidario", se beneficie una vez más si en el futuro estuviere en condición económica buena, al no obligársele a resarcir al fiador la totalidad de lo pagado en su beneficio, y sí solamente una parte. Sería premiar al beneficiado una vez más por su incumplimiento.

En segundo lugar, cuando resolvimos los casos citados la figura del "fiador-solidario" era más bien una cosa de ocasión. Hoy juega un gran papel en nuestra economía y diarias transacciones, por ser la persona que, sin beneficiarse, permite que se concedan préstamos por millones de dólares anualmente. Un factor que induce al "fiador-solidario" a facilitar la transacción aportando su firma de acomodo, sin beneficiarse en nada, es su esperanza de que si el deudor principal o fiado no paga, en su día él pueda resarcirse totalmente. Por otra parte, sabido es que en las actuales prácticas comerciales ninguna institución de crédito concede

un préstamo personal si el fiador a la vez no se obliga solidariamente con el acreedor. (²)

*Por los fundamentos expresados se modificará la sentencia dictada por la Sala de San Juan del Tribunal Superior en 3 de mayo de 1968 de modo que se condene al demandado Adolfo Nones, Jr., a restituir al demandante Félix R. Carr la cantidad de $2,872.48 satisfecha por éste al Banco de San Juan, con los intereses del anticipo desde la fecha en que el pago fue hecho, y así modificada, se confirmará.*

El Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Rigau y Torres Rigual, no intervinieron.

---

(²)Para que se vea la importancia de esta figura de "fiador-solidario" y la magnitud de su intervención en la economía, obsérvense los siguientes datos:

1. Durante los últimos 5 años fiscales, a junio 30 de 1969, la Asociación de Empleados del E.L.A. de Puerto Rico concedió a los empleados públicos—sólo un pequeño sector en nuestra economía—préstamos personales por un monto total de $282,883.458 así: 1964–65, $49,883.244; 1965–66, $53,088.620; 1966–67, $56,659,719; 1967–68, $59,950,895; y en 1968–69, $63,350.980.

2. Las Compañías de Préstamos Personales Pequeños, préstamos que no se dan sin el fiador-solidario, concedieron para el año terminado en diciembre de 1965, $27,876,200; y para el año terminado en diciembre de 1966, $39,899.800. En el año terminado en diciembre de 1967 concedieron $48,998.000.

3. Los bancos prestaron a individuos en los últimos 5 años, con la intervención del "fiador-solidario" en su gran mayoría si no en su casi totalidad, la cantidad de $1,060,842.000, así: $166,877.000 en 1964; 196,-481.000 en 1965; $229,278.000 en 1966; $224,467.000 en 1967 y $243,739.000 en 1968. Partes del Informe del Secretario de Hacienda, años 1967 y 1968; información suministrada por el Director Ejecutivo y Secretario de la Asociación de Empleados del E.L.A. de Puerto Rico.