EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Río Construction Corp.<br>        Recurrido<br><br>            v.<br><br>Municipio de Carolina<br>      Peticionario | Certiorari<br><br>2001 TSPR 36 |

Número del Caso: CC-2000-667

Fecha: 16/marzo/2001

Tribunal de Circuito de Apelaciones:

Circuito Regional VII

Juez Ponente:

Hon. Frank Rodríguez García

Abogados de la Parte Peticionaria:

Lcdo. Pedro E. Ortiz Alvarez
Lcda. Jeannette Vecchini

Abogada de la Parte Recurrida:

Lcda. Rebeca Barnés Rosich

Materia: Revisión de Determinación Final de Cobro de Arbitrios

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Río Construction Corp.

    Recurrido

       v.                                CC-2000-667

Municipio de Carolina

    Peticionario

PER CURIAM

San Juan, Puerto Rico a 16 de marzo de 2001

     Por entender que la Ley Núm. 199 de 6 de septiembre de 1996 **exige** el pago de arbitrios municipales a empresas privadas que fueron contratadas por alguna agencia o instrumentalidad del Gobierno Central, del Gobierno Federal de Estados Unidos de América o del Gobierno Municipal para realizar una actividad de construcción, a pesar de que las agencias contratantes no tengan que obtener un permiso de la Administración de Reglamentos y Permisos (en                    adelante                    A.R.P.E.),

revocamos la determinación del Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito).

I

La Autoridad de Carreteras de Puerto Rico (en adelante Autoridad) le adjudicó a Río Construction Corp. (en adelante Río Construction) el proyecto de construcción del Puente Quebrada Maracuto. La pública subasta para la adjudicación antes mencionada se celebró el 26 de junio de 1998.

El 18 de noviembre de 1998, el Municipio de Carolina (en adelante Municipio) le envió a Río Construction una factura por la cantidad de $32,016.50 por concepto de arbitrios adeudados al Municipio por la obra de construcción del Puente Quebrada Maracuto. Mediante carta de 2 de diciembre de 1998, Río Construction le informó al Municipio que, conforme a la Ley Núm. 199 de 6 de septiembre de 1996, no tenía que pagar arbitrios de construcción. Basó dicha aseveración en que la referida Ley, alegadamente, excluía del pago de arbitrios a los proyectos de construcción que no necesitaban obtener un permiso de A.R.P.E. La agencia que los contrató, la Autoridad, no necesitaba obtener dicho permiso, por lo que Río Construction estaba exento de pagar arbitrios al Municipio. Luego de varias comunicaciones entre Río Construction y el Municipio, cada cual defendiendo su posición, el Director de Presupuesto y Finanzas del Municipio emitió una determinación final de que Río Construction tenía que pagar los arbitrios de construcción.

El 25 de enero de 1999, Río Construction presentó una demanda ante el Tribunal de Primera Instancia para que éste revisara la determinación final del Director de Presupuesto y Finanzas del Municipio. El Municipio presentó una alegación responsiva y una reconvención. En la contestación, el Municipio aceptó los hechos esenciales expuestos en la demanda. Sin embargo, argumentó que la Ley Núm. 130 de 17 de julio de 1998 (efectiva después de celebrada la subasta a favor de Río Construction), la cual expresaba claramente que Río Construction debía pagar arbitrios al Municipio aunque hubiese sido contratado por una entidad que no tenía que obtener permiso de A.R.P.E., era una ley enmendatoria de la Ley Núm. 199, *supra*, con efecto retroactivo. En la reconvención, Municipio solicitaba de Río Construction el pago de arbitrios, los intereses más las costas y honorarios de abogado.

Ese mismo día, el 18 de marzo de 1999, el Municipio presentó una Moción de Desestimación en la que aceptaba todos los hechos expuestos en la demanda y defendía la aplicación retroactiva de la Ley Núm. 130, *supra*. El 5 de mayo de 1999, Río Construction presentó una réplica a la moción de desestimación aduciendo que el Código Civil de Puerto Rico establece que las leyes no tendrán efecto retroactivo a menos que en la propia ley se exprese lo contrario.

Así las cosas, el tribunal de instancia emitió sentencia parcial el 25 de mayo de 1999, desestimando la demanda de Río Construction. En cuanto a la reconvención del Municipio, los procedimientos continuarían.

Inconforme, Río Construction acudió ante el Tribunal de Circuito, y éste revocó la determinación de instancia. El Municipio acudió ante nos señalando los siguientes errores:

a) erró al no reconocer que la Ley Núm. 199, *supra*, excluye a los contratistas privados de la exención otorgada a las agencias e instrumentalidades de gobierno de pagar arbitrio de construcción por obras que llevan a cabo su propio personal.
b) erró al entender que es inconstitucional la aplicación retroactiva de las Ley Núm. 130 de 17 de julio de 1998 y la Ley Núm. 323 de 24 de diciembre de 1998.
c) erró al concluir que la aplicación de la Ley Núm. 130 a Río Construction menoscaba las obligaciones contractuales contraídas antes de la creación de dicha ley.

II

La Ley Núm. 199, *supra*, fue aprobada para modificar la Ley de Municipios Autónomos, Ley Núm. 146 de 18 de junio de 1980, 21 L.P.R.A. § 4001 et seq, según enmendada (en adelante Ley de Municipios Autónomos). En la exposición de motivos de la ley modificadora se expresó que "las leyes aprobadas y enmiendas por la Legislatura desde principio de siglo, demuestran la intención de ampliar las facultades contributivas de los municipios para que éstos pudieran recaudar mayores ingresos".

La Ley Núm. 199, *supra*, Art. 1.003 define "contribuyente" como:

Aquella persona natural o jurídica obligada al pago del arbitrio sobre la actividad de la construcción cuando:

(1) sea dueño de la obra y personalmente ejecute las labores de administración y las labores físicas e intelectuales inherentes a la actividad de construcción;

(2) **sea contratada** para que realice las labores descritas en el apartado (1) anterior, para beneficio del dueño de la obra, **sea éste una persona particular o <u>entidad gubernamental</u>**. El arbitrio podrá formar parte del costo de la obra. (Énfasis nuestro.)

Vemos que el artículo antes citado denomina "contribuyente", entre otras, a la persona natural o jurídica que sea contratada por una entidad gubernamental.

El Art. 2.007(f) enumera las situaciones en que la Asamblea Municipal puede eximir **total o parcialmente** el pago de arbitrio de construcción. Específicamente, el último párrafo del Artículo antes mencionado dispone:

Se exime del pago de este arbitrio [de construcción] toda actividad de construcción que realice por administración, con su propio personal, cualquier agencia o instrumentalidad del Gobierno Central, del Gobierno Federal de Estados Unidos de América y del Gobierno Municipal. **Entendiéndose, que cuando una agencia contrate este tipo de actividad, <u>no podrán acogerse a esta exención.</u>** (Énfasis nuestro.)

La Ley Núm. 199, *supra*, está vigente desde el 6 de septiembre de 1996, mucho antes de la celebración y adjudicación de la subasta del caso de autos. En vista que la intención legislativa claramente pretende ampliar las facultades contributivas de los municipios, y que la propia Ley Núm. 199, *supra*, **no** exime del pago de arbitrios a entidades que contraten

con el gobierno, Río Construction debe pagar los arbitrios adeudados al Municipio de Carolina. En otras palabras, el referido Artículo 2.007(f) hace la clara distinción que aunque la entidad gubernamental pueda estar exenta de pagar arbitrios de construcción, por administración y con su propio personal, este relevo de obligaciones no se extiende a entidades que contraten con el gobierno. La referida entidad, por ende, tiene que pagar arbitrios de construcción.

Río Construction alegó que le era de aplicación el Art. 1.003(cc) de la Ley Núm. 199, *supra*, cuya definición de "actividad de construcción" incluye la aclaración de que:

> Se excluye de los propósitos de esta Ley, todo acto o actividad que no requiera un permiso de construcción expedido por la Administración de Reglamentos y Permisos.

Sin embargo, la interpretación que pretende darle Río Construction a esta sección no es correcta. Reiteradamente hemos expresado que una sección de la ley no se puede interpretar de forma aislada. Es menester interpretar un estatuto en su totalidad, armonizando el significado de sus distintas secciones y siguiendo la intención de la Asamblea Legislativa. La determinación que un tribunal haga debe asegurar el resultado que el legislador quiso obtener al crear la ley. Véase, Morell v. Ojeda, Op. de 20 de julio de 2000, 2000 J.T.S. 132, pág. 19; Méndez v. Alcalde de Aguadilla, Op. de 5 de julio de 2000, 2000 J.T.S. 131, pág. 10-11; Irizarry v. J&J Cons. Prods. Co., Op. de 27 de enero de 2000, 2000 J.T.S. 27, pág. 614; Chase Manhattan Bank v. Mun. de San Juan, 126 D.P.R. 759, 766 (1990); Martínez Reyes v. Tribunal Superior, 104 D.P.R. 407, 410-411(1975); Carr v. Nones, 98 D.P.R. 236, 245 (1970).

Al interpretar el Art. 1.003(cc) de la Ley Núm. 199 en conjunto con la clara intención legislativa de ampliar las facultades municipales para cobrar arbitrios y las secciones de la referida ley en cuanto a lo que significa "contribuyente" y el último párrafo del Art. 1.007 sobre las exenciones, es forzoso concluir que la exclusión aludida por Río Construction no tenía el propósito legislativo de extenderse a los que son contratados por entidades gubernamentales, aunque éstas últimas no tengan que obtener un permiso de A.R.P.E.

Cónsono con lo antes expuesto es la Exposición de Motivos de la Ley Núm. 130, *supra*, y de la Ley Núm. 323, *supra*. En la exposición de motivos de la Ley Núm. 130, *supra*, la Asamblea Legislativa expresó que:

> la exención otorgada por la Ley Núm. 199, antes citada, no se extiende a las personas naturales o jurídicas privadas creadas al amparo de las leyes que las rigen, excepto cuando la ley así lo disponga explícitamente.... Entendemos prudente adoptar esta medida a los fines de **esclarecer** la intención legislativa **consignada** mediante la aprobación de la Ley Núm. 1999, *supra*". (Énfasis nuestro.).

El hecho de esclarecer lo que ya está consignado, evidencia que la intención legislativa para la Ley Núm. 199, *supra*, era la de incluir en el pago de arbitrios de construcción a entidades privadas que contraten con el gobierno aunque la agencia contratante esté eximida de solicitar algún permiso de A.R.P.E.

Por otra parte, la exposición de motivos de la Ley Núm. 323, *supra*, no sólo establece que su propósito es esclarecer lo ya consignado en la Ley Núm. 199, *supra*, sino que **también expresamente le da efecto retroactivo a la medida.**[1]   Aunque el análisis del efecto retroactivo no era necesario para adjudicar el caso de autos, ya que una interpretación de la Ley Núm. 199, *supra*, nos llevaba a la misma conclusión, el hecho que la Asamblea Legislativa lo haya expresado hace más patente la inequívoca intención del legislador de incluir a Río Construction como contribuyente para efectos del pago de arbitrios de construcción a favor del Municipio de Carolina.

Por ser clara la letra y la intención legislativa de la ley Núm. 199 a favor del Municipio y porque lo dispuesto en la Ley Núm. 323, *supra*, tiene una expresa aplicación retroactiva, los tres errores señalados se cometieron.

Por todo lo antes expuesto, procede revocar la sentencia emitida por el Tribunal de Circuito mediante la cual se desestimó la acción instada por Río Construction ante el foro de instancia.  Se devuelve el caso para que continúen los procedimientos de forma consistente con lo aquí resuelto.

Se dictará la correspondiente sentencia.

---

[1]    La exposición de motivos de la Ley Núm. 323, *supra*, reza: "a los fines de **esclarecer** la intención legislativa **consignada** mediante la aprobación de la Ley Núm. 199 del [sic] 6 de septiembre de 1996,... y **establecer la aplicación retroactiva de esta medida sobre cualquier determinación o imposición de arbitrio de construcción emitida bajo las disposiciones de la Ley Núm. 199**, *supra*".

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Río Construction Corp.

     Recurrido

       v.                  CC-2000-667

Municipio de Carolina

     Peticionario

SENTENCIA

San Juan, Puerto Rico a 16 de marzo de 2001

Por todo lo expuesto en la Per Curiam que antecede, la cual es parte integral de la presente, procede revocar la sentencia emitida por el Tribunal de Circuito mediante la cual se desestimó la acción instada por Río Construction Corp. ante el foro de instancia.  Se devuelve el caso para que continúen los procedimientos de forma consistente con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Asociado señor Rivera está inhibido.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo