EDWIN V. GOSS, demandante y recurrido, *v.* STRUCTURAL CONCRETE PRODUCTS y MARYLAND CASUALTY COMPANY, demandados y recurrente la última.

Número: CE-64-11　　Resuelto: 19 de mayo de 1965

*Rivera Zayas, Rivera Cestero & Rúa* y *José R. Lázaro Paoli,* abogados de la Maryland Casualty Company; *Nachman & Feldstein,* abogados del recurrido.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Es por demás sencilla la cuestión planteada. ¿Se extiende a lo adeudado por alquiler de equipo y transportación del mismo, la responsabilidad asumida por un fiador de pagar por la mano de obra y materiales usados en la construcción de una obra privada?

Maryland Casualty Co. es la fiadora. Se obligó con la Structural Concrete Products Corporation a pagarle a todos los que sirvieran materiales o prestaran servicios para realizar el trabajo de concreto prefabricado requerido en la construcción del Hotel Miramar Charterhouse. Para realizar este trabajo la Structural Concrete arrendó una grúa. Quedó a deber el importe del alquiler así como el costo de la transportación. El dueño de la grúa instó acción contra la corporación deudora y su fiadora en el Tribunal de Distrito, Sala de San Juan.

La Maryland Casualty Co. levantó la defensa de que la fianza expedida no cubría la reclamación. El juez de distrito concluyó que respondía por estar comprendido dicho alquiler en los términos de la fianza. Apeló la fiadora.

El Tribunal Superior confirmó. Determinó que "dada la naturaleza de la obra el equipo usado era necesario para cumplir con los términos del contrato y se usó para tal fin. Por consiguiente, se considera el uso de ese equipo como parte de la mano de obra (labor) a que se refiere la fianza". Accedimos a revisar esta sentencia.

La fianza prestada por la Maryland Casualty en lo que es pertinente a la presente controversia dispone en su versión inglesa:

"Now THEREFORE, the condition of this obligation is such that, . . . if Principal shall pay all persons who have contracts directly with Principal for labor or materials furnished pursuant to the provisions of said Contract, failing which such persons shall have a direct right of action against Principal and Surety under this obligation, subject to Obligees' priority, then this obligation shall be null and void; otherwise it shall remain in full force and effect . . . ."

Nos dice la fiadora que:

"Para interpretar dicha fianza tan solo es necesario seguir las simples guías que nos da la Ley y la jurisprudencia vigentes en Puerto Rico.

"En Puerto Rico, la ley es bien clara en cuanto a la interpretación que debe dársele a un contrato de fianza. El Artículo 1726 del Código Civil dispone que:

'La fianza no se presume; debe ser expresa y no puede extenderse a más de lo contenido en ella.' Título 31 L.P.R.A., Sección 4876."

Añade la fiadora: "Nuestro Hon. Tribunal Supremo, al interpretar el Artículo 1726, supra, ha dicho:

'Esta sección fue promulgada para protección de quienes se reclama el pago como fiadores. (Hernández v. Delgado, (1923) 31 DPR 570.)' "

■ Fundándose en lo arriba expuesto, la fiadora nos pide que revoquemos la sentencia que en apelación dictó el Tribunal Superior confirmando al de Distrito. Sostiene que como las fianzas deben interpretarse restrictivamente no es razonable la interpretación que se le ha dado a la obligación asumida.

■ Debe dejarse consignado inmediatamente que este Tribunal en *Cristy & Sánchez v. ELA*, 84 D.P.R. 234 (obra pública) en el año 1961 y en *A.L. Arsuaga, Inc. v. La Hood Const., Inc.*, 90 D.P.R. 104 (obra privada) resuelto el 20 de febrero de 1964; *Ulpiano Casal, Inc. v. Totty Mfg. Corp.*, 90 D.P.R. 739, resuelto el 26 de junio de 1964 y más recientemente aún en *Jiménez & Salellas, Inc. v. Maryland Cas. Co.*, 92 D.P.R. 207 resuelto el 1ro. de abril de 1965, abandonó la doctrina de la interpretación restrictiva de las fianzas de compañías aseguradoras. En *Jiménez* apuntamos que "en estos casos la interpretación liberal o inclusiva es la que prevalece". La abandonamos porque la misma tenía su fundamento en la práctica antes prevaleciente de que se afianzaba por mera liberalidad. Pero como en la actualidad las fianzas se prestan mediante el pago de primas no había por qué darle un trato preferente a los fiadores interpretando la obligación asumida restrictivamente. Véase Art. 1241, Código Civil.

■ La fiadora se obligó a pagarle a todo aquel que hubiera suministrado materiales así como satisfacer lo adeudado a todo el que hubiera rendido trabajo en la realización de la obra. Para llevar a cabo cierta parte del trabajo, en vez de ocupar obreros exclusivamente se utilizó un artefacto mecánico que facilitaba la realización de la obra. Si todo el trabajo hubiera sido llevado a cabo manualmente la fiadora respondería de los salarios adeudados. ¿Qué razón hay justa y razonable para que no se considere cubierto por la fianza el alquiler y el costo de transportación del artefacto que realizó la misma función que hubiera realizado un grupo de

obreros? Ciertamente no hay razón para que no esté garantizado por la fianza el alquiler de una grúa que contribuyó a reducir el monto de la partida de mano de obra. Realmente no es una cuestión de interpretación liberal de la fianza. Es una de interpretación lógica, razonable, justa. Más en esta época de automatización.

Confrontándose con una reclamación como la que nos ocupa la Corte Suprema de los Estados Unidos manifestó por voz del Juez Brandeis en *Illinois Surety* v. *John Davis Co.*, 244 U.S. 376 (1917):

> "La objeción específica que se hace a la reclamación de United States Equipment Company por el alquiler de vagones, vías y equipo utilizado en la Estación Naval y los gastos por cargar y transportar la planta hasta la estación tampoco tiene fundamento. La Compañía Fiadora sostiene que esto no constituye suplir 'materiales y mano de obra'. El equipo fue utilizado en la realización del trabajo. Se suplió el material, aunque, por haberse arrendado el equipo, éste no fue adquirido. Los gastos de carga y transportación fueron correctamente incluidos con el alquiler fijado como recobrable bajo la fianza."

Considérese ya como materiales, como se hizo en *Illinois Surety* v. *John Davis Co.*, supra, o como mano de obra, como entendemos nosotros, siempre estaría cubierto por la fianza. Ver además: *Brogan* v. *National Surety Co.*, 246 U.S. 257 (1918); *Standard Accident Ins. Co.* v. *U.S.*, 302 U.S. 442 (1938); *Holloway & Dupont Dredging Co.* v. *Des Rocher Watkins Towing Co.*, 57 F.2d 864 (5th Cir. 1932); *United States* v. *Castro*, 71 F.Supp. 36 (D.C.P.R. 1947); *Mann* v. *Schnarr*, 95 N.E.2d 138 (Ind. 1950); *Timber Structures* v. *C.W.S. Grinding & Machine Wks.*, 229 P.2d 623 (Or. 1951); *Thompson & Green Mach. Co.* v. *M. P. Smith Const. Co.*, 311 S.W.2d 614 (Tenn. 1957); *J. F. Tolton Inv. Co.* v. *Maryland Casualty Co.*, 293 Pac. 611 (Utah, 1930); Anotación, *Rental of Equipment as within Contractor's Bond*, 44 A.L.R. 381–383 (1926).

*Se confirmará la sentencia que dictó el Tribunal Superior, Sala de San Juan, en 26 de febrero de 1964.*