*1046 TEXTO COMPLETO DE LA SENTENCIA
Comparece American International Insurance Company of Puerto Rico (AIICO o la apelante), y nos solicita que revisemos la sentencia emitida el 18 de octubre de 2007, notificada el 25 de octubre del mismo año por el Tribunal de Primera Instancia, Sala de San Juan (TPI). Por medio de dicha sentencia, el TPI desestimó la demanda presentada por AIICO contra el señor Mario A. Rodríguez Torres y otros (apelados). Según la sentencia emitida por el TPI no es posible conceder un remedio a la apelante en virtud de hechos que pueda probar enjuicio conforme a las alegaciones de la demanda.
Considerados los escritos de las partes, [1] sus anejos, a la luz del derecho aplicable, resolvemos confirmar la Sentencia apelada.
I
El 18 de julio de 2003, AIICO presentó ante el TPI demanda contra los apelados en la cual señaló que en virtud de un “Contrato General de Indemnidad” (contrato) suscrito el 23 de febrero de 1996, éstos se obligaron a indemnizar a AIICO de toda responsabilidad en que la misma incurriese con motivo de haber expedido fianzas para garantizar obligaciones de Industrias Avícolas de Puerto Rico, Inc. (Industrias Avícolas). AIICO indicó que tuvo que expedir una fianza de pago para garantizar el pago de huevos fertilizados suplidos por C.W.T. Farms Int., Inc. a Industrias Avícolas por lo cual los apelados le adeudan la totalidad de lo que ésta tuvo que pagar. Indicó además que los apelados vienen obligados a indemnizar y asegurar, compensar, entregar y/o poner en manos de AIICO dinero líquido o colateral suficiente para indemnizarle por las reclamaciones a las que puedan ser expuestos con motivo de la expedición de las fianzas, así como costas, gastos y honorarios de abogados.
Luego de varios trámites procesales, el 5 de julio de 2006, una de las apeladas, la señora Nelsa López Colón (señora López Colón) presentó moción solicitando la desestimación de la demanda por entender que la misma no presenta una reclamación que justifique la concesión de un remedio. En su moción, la señora López Colón adujo que de la demanda se desprende que AIICO no es titular del derecho que reclama bajo el contrato de indemnidad, *1047 ya que no es una de las compañías a favor de las cuales se otorgó el contrato de indemnidad.
El 18 de septiembre de 2006, AIICO presentó oposición a la referida moción de desestimación. En dicha moción, la apelante alegó que la moción de desestimación constituía un ataque colateral de determinaciones finales y firmes tanto del TPI como del Tribunal de Apelaciones por lo cual entiende se viola la doctrina de la ley del caso. Señaló que en una resolución emitida el 25 de agosto de 2005, el TPI hizo una expresión donde indicó que los apelados le son responsables a AIICO por el pago de $500,000.00. Sostuvo, además, que el Tribunal de Apelaciones en una resolución emitida el 28 de febrero de 2005 determinó que mediante el contrato de indemnidad los apelados se obligaron a indemnizar y mantener indemne a AIICO de toda responsabilidad en la que la fiadora se viera obligada a incurrir en virtud de la fianza emitida. Señaló además en su moción que la señora López Colón se obligó, no sólo frente a aquellas compañías nombradas en el contrato, sino también frente a cualquier compañía fiadora perteneciente a American International Companies. Expresó que esa relación queda demostrada por los documentos anejados a la demanda relacionados con las fianzas emitidas donde aparece en el membrete bajo American International Companies tanto la apelante como dos de las compañías comparecientes al contrato de indemnidad.
El 1 de noviembre de 2006, la señora López Colón presentó ante el TPI Réplica a la Oposición presentada por AIICO. En su moción, la señora López Colón argumentó, en síntesis, que AIICO no es una de las compañías que comparece en el contrato de indemnidad y que la misma no ha alegado ni demostrado que una de ellas solicitara que se emitiera la fianza en cuestión. Señaló también que las expresiones hechas por el TPI y el Tribunal de Apelaciones en las resoluciones citadas por la apelante no constituyen una adjudicación por sentencia final y firme. La referida apelada indicó además que ninguna de las compañías a favor de las cuales se pretendió otorgar el contrato lo firmó por lo cual carece de fuerza vinculante.
También señaló dicha apelada que bajo los términos claros del contrato, las compañías comparecientes debían afirmativamente solicitar que AIICO expidiera fianzas. Indicó que AIICO no alegó en la demanda nada respecto a su relación con American International Companies y que el hecho de que su nombre apareciera en un membrete no permite llegar a ninguna conclusión respecto a las obligaciones contraídas bajo el contrato de indemnidad. El resto de los apelados, por su parte, de igual manera presentaron sendas mociones de desestimación.
El TPI celebró vista el 25 de abril de 2007 para discutir las mociones presentadas. El 20 de junio de 2007, AIICO presentó “Moción en Oposición a Solicitud de Desestimación presentada por los demandados y solicitud de determinación parcial sumaria.” En dicha moción, AIICO indicó que el contrato contempla que otras compañías fiadoras de American International Companies, como lo es AIICO, suscriban fianzas y estén cobijadas por el mismo. Además, destacó que los apelados conocían y estaban conscientes de que por medio del contrato se garantizaba cualquier deuda que AIICO incurriese por motivo de fianzas expedidas a nombre de Industrias Avícolas, ya que el contrato de indemnidad fue entregado específicamente a AIICO y porque luego se suministraron a la apelante informes financieros personales de los apelados. Por tales razones, AIICO solicitó que se dictara sentencia sumaria para establecer que los apelados responden bajo el contrato.
El 6 de septiembre de 2007, la señora López Colón presentó Réplica a la Oposición y solicitud de determinación parcial sumaria presentada por AIICO en la cual nuevamente indicó que un examen liberal de las alegaciones de la demanda no permite concluir que AIICO haya planteado un derecho a pedir, ya que no es una de las partes del contrato.
Así las cosas, el 18 de octubre de 2007, el TPI emitió sentencia en la cual concluyó que el contrato desmiente lo aseverado en la demanda, puesto que AIICO no es una de las compañías a favor de las cuales se otorgó el mismo. Concluyó dicho foro que la demanda no aduce hechos que justifiquen la concesión de un remedio porque de la propia demanda surge que AIICO no es titular del derecho que reclama. Señaló el TPI que el mero hecho de que las fiadoras aparezcan juntas en un membrete no crea derechos ni obligaciones y que de los documentos que *1048 contiene el membrete no se puede colegir la intención de las compañías de solicitar la fianza otorgada por AIICO.
Inconforme, AIICO acude ante nos y señala que el TPI cometió el siguiente error:
“Erró el TPI al desestimar la demanda bajo la Regla 10.2 de las Reglas de Procedimiento Civil, al: (1) no haber evaluado debidamente las mociones de desestimación como solicitudes de sentencia sumaria bajo la Regla 36 por haber éstas incorporado materias no contenidas en las alegaciones; (2) no haber determinado bajo dicho escrutinio que las demandadas le responden a AIICO bajo el contrato de indemnización a pesar de que tanto dicho foro como este Tribunal habían determinado eso con anterioridad, o, en la alternativa, haber determinado la existencia de controversias de hechos que impedían la resolución sumaria del caso; (3) no haber interpretado las alegaciones de la demanda según dispuesto bajo dicha regla; y (4) haber desestimado una demanda que era susceptible de enmiendas.”
El 31 de marzo de 2008 este Tribunal emitió resolución mediante la cual atendimos una moción de desestimación presentada por la apelada, señora López Colón, en la que se hizo el señalamiento de que este foro carecía de jurisdicción por tratarse de un recurso presentado tardíamente debido a que una moción de determinaciones de hechos presentada ante el TPI no había interrumpido el término para acudir en apelación. Concluimos en esa ocasión que el remedio emitido por el TPI como una desestimación realmente fue en la naturaleza de sentencia sumaria. Por lo tanto, indicamos que la moción de determinaciones de hechos adicionales presentada ante el TPI por AIICO fue idónea por lo que tuvo el efecto interruptor sobre el término para recurrir ante este Tribunal. [2]
n
A
En nuestra jurisdicción, la doctrina general contractual establece que los contratos tienen fuerza de ley y sólo producen efectos sobre las partes que los otorgan. Art. 1044 y 1209 del Código Civil de Puerto Rico, 31 L.P.R.A. sees. 2994 y 3374 Sobre la interpretación de los contratos, nuestro Código Civil establece que si los términos del contrato son claros y no dejan dudas sobre la intención de los contratantes, se observará su sentido literal; de lo contrario, prevalecerá la intención evidente de los contratantes. Art. 1233 del Código Civil de Puerto Rico, 31 L. P.R.A. see. 3471 Respecto a los términos de los contratos, el Código Civil dispone que cualquiera que sea la generalidad de ellos, no deberán entenderse comprendidos en él cosas distintas y casos diferentes de aquellos sobre lo que los interesados se propusieron contratar. Art. 1235 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 3473. Por lo tanto, los tribunales no deben hacer una interpretación de un contrato que quite efectividad a las cláusulas contractuales válidamente acordadas. Caguas Plumbing Inc. v. Continental Construction Corp., 155 D.P.R. 744 (2001). Los tribunales deben seguir la letra clara de un contrato, cuando ésta refleja inequívocamente la voluntad de las partes. Si no es posible determinar la voluntad de los contratantes con la mera lectura literal de las cláusulas contractuales, entonces hay que recurrir a los actos anteriores coetáneos y posteriores de las partes a la perfección del contrato. Art.1234 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 3472.
B
El Art. 1722 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 4872, dispone que la fianza puede ser de tres tipos: convencional, legal o judicial. En particular, las fianzas judiciales son aquellas “requeridas por los tribunales en el ejercicio legítimo de sus funciones, y que persiguen dar efectividad a las órdenes y sentencias que se dicten en los diversos asuntos que se atienden a diario.” United Surety & Indemnity Co. v. Villa et als., 161 D.P.R. 609 (2004), citando a José R. Vélez Torres, Curso de Derecho Civil: Derecho de Contratos, Ed. Revista Jurídica de la Universidad Interamericana de Puerto Rico, San Juan, 1990, T.II, Vol. IV, pág. 532.
El Art. 1721 del Código Civil, 31 L.P.R.A. see. 4871, define el contrato de fianza como aquél en el cual uno se obliga a pagar o cumplir por un tercero, en el caso de que este último no lo haga. Sucn. María Resto v. Ortiz, *1049 157 D.P.R. 803 (2002); GECC of P.R. v. Southern Transport, 132 D.P.R. 808 (1993). En un contrato de fianza, el fiador se compromete a pagar al acreedor en caso de que el deudor incumpla con la deuda. Sucn. María Resto v. Ortiz, supra.
En Puerto Rico, la interpretación del contrato de fianza no está exenta de la aplicación de las normas generales de interpretación de contratos. Ha expresado el Tribunal Supremo de Puerto Rico que si un contrato de fianza consigna específicamente cuáles son las circunstancias por las que responde el fiador, el tribunal no puede imponer responsabilidad más allá de lo pactado. Caguas Plumbing, Inc. v. Continental Const., Corp., supra. Ha indicado dicho foro que este tipo de contratos debe ser interpretado liberalmente de modo que favorezca las reclamaciones de los terceros beneficiados. Id-
No obstante, según el Tribunal Supremo, dicha interpretación liberal del contrato de fianza de cumplimiento y pago a favor de su beneficiario, no es carta blanca para que los tribunales descarten los pactos y convenios entre las partes. Caguas Plumbing Inc. v. Continental Construction Corp., supra. Si el contrato consigna especialmente cuáles son las circunstancias por las que responde el fiador, el tribunal no puede imponerle responsabilidad más allá de lo pactado. En tal caso debe prevalecer la supremacía de la voluntad de las partes. Debe atenderse, en primer plano, el texto del contrato, visto en su totalidad y de acuerdo a las reglas de hermenéutica dispuestas en el Código Civil. Caribe Lumber v. Inter Am Builders, 101 D.P.R. 458 (1973); Caguas Plumbing Inc. v. Continental Construction Corp., supra.
Asimismo, el Art. 1726 del Código Civil, 31 L.P.R.A., see. 4876, dispone que la fianza no se presume. Tiene que ser expresa y no puede extenderse a más de lo contenido en ella. Sucn. María Resto v. Ortiz, supra; Goss v. Structural Concrete Prods., 92 D.P.R. 391 (1965); Ulpiano Casal, Inc. v. Totty Mfg. Corp., 90 D.P.R. 739 (1964). La obligación de fianza, que no se presume y debe ser expresa, no puede interpretarse en sentido extensivo, para ampliarla a más del contenido de la misma. Sucesión Belaval v. Acosta, 64 D.P.R. 109 (1944).
Sobre dicho particular, también ha expresado el Tribunal Supremo que:
“Cuando mediante lenguaje claro y preciso en el texto de una fianza de cumplimiento y pago se consigna inequívocamente a qué se circunscribe la obligación de la fiadora, no puede judicialmente extenderse la responsabilidad a otros conceptos del contrato por haberse incorporado éste a la fianza.” Mun. San Juan v. Stadium & Coliseum Opers., 113 D.P.R. 490 (1982).
Del mismo modo, el Art. 1727 del Código Civil, 31 L.P.R.A. see. 4877, establece que “el obligado a dar fiador debe presentar persona que tenga capacidad para obligarse y bienes suficientes para responder de la obligación que garantiza”. Por otro lado, es menester destacar que el contrato de fianza se rige por las disposiciones del Código Civil y no por el Código de Seguros. Caribe Lumber v. Inter-Am. Builders, 101 D.P.R. 458 (1973).
C
De otra parte, la Regla 36 de Procedimiento Civil, 32 L.P.R.A. Ap. III, preceptúa lo referente a la sentencia sumaria. El propósito principal de la moción de sentencia sumaria es propiciar la solución justa, rápida y económica de litigios civiles que no presentan controversias genuinas de hechos materiales; por lo tanto, no ameritan la celebración de un juicio en su fondo, ya que lo único que resta es dirimir una controversia de derecho. Utilizada de forma apropiada, la sentencia sumaria contribuye a descongestionar los calendarios judiciales. El ordenamiento procesal civil vigente permite presentar una moción fundamentada o no en declaraciones juradas para que se dicte sentencia sumariamente sobre la totalidad o cualquier parte de la reclamación. Vera Morales v. Bravo Colón, 161 D.P.R. 308 (2004).
El tribunal, en el ejercicio de su discreción, puede dictar la sentencia sumaria sobre la totalidad de una *1050 reclamación o sobre cualquier controversia comprendida en ella, cuando de los documentos admisibles en evidencia que se acompañan con la solicitud, o que obran en el expediente del tribunal, surge que no existe una legítima disputa de hechos materiales y esenciales que tenga que ser dirimida en vista evidenciaria y que sólo resta aplicar el derecho. Cabrero Muñiz v. Zayas Seijo, 167 D.P.R. 766 (2006).
Para que proceda resolver un caso sumariamente, el promo vente deberá demostrar: (1) que no hay controversia esencial en cuanto a los hechos, y (2) que como cuestión de derecho procede dictar sentencia sumariamente. Regla 36.3 de Procedimiento Civil, 32 L.P.R.A Ap. Ill, R. 36.3. En virtud de ello, el tribunal debe examinar si de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, surge que no hay controversia real sustancial en cuanto a ningún hecho, por lo que sólo resta resolver una controversia de derecho. Id.
Para que proceda dictar una sentencia sumaria, la parte que la promueve tiene que establecer su derecho con claridad y tiene que demostrar que no existe controversia sustancial sobre ningún hecho material, es decir, sobre ningún componente de la causa de acción. El tribunal debe analizar además si hay alegaciones en la demanda que no han sido refutadas por la prueba que se acompaña en la moción de sentencia sumaria. Corp. Presiding Bishop v. Purcell, 117 D.P.R. 714 (1986). El peso de establecer la ausencia de controversia real sobre los hechos relevantes y que el derecho le favorece recae siempre sobre la parte solicitante. Hurtado v. Osuna, 138 D.P.R. 801 (1995); Tello Rivera v. Eastern Airlines, 119 D.P.R. 83 (1987).
En fin, un Tribunal no deberá dictar sentencia sumaria cuando: (1) existen hechos materiales controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material; o (4) como cuestión de derecho no procede. Rivera Báez v. Jaume Andújar, 157 D.P.R. 562, (2002); PFZ Properties, Inc. v. Gen. Acc. Ins. Co., supra; Corp. Presiding Bishop v. Purcell, supra; Cuadrado Lugo v. Santiago Rodríguez, supra.
ni
En los planteamientos 1, 3 y 4 del error señalado, la apelante, en síntesis, plantea que el TPI debió haber evaluado las mociones de desestimación como solicitudes de sentencia sumaria; que no debió interpretar las alegaciones de la demanda según la Regla 10.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 10.2, y que no debió haber desestimado una demanda que era susceptible de enmiendas. Como ya indicamos, este Tribunal mediante resolución emitida el 31 de marzo de 2008 determinó que la sentencia apelada fue una sentencia sumaria. En dicha resolución claramente expusimos que aunque el TPI denominó equivocadamente el remedio emitido como una desestimación al amparo de la Regla 10.2 de las de Procedimiento Civil, supra, lo que realmente y sustantivamente dispuso fue una desestimación en la naturaleza de sentencia sumaria. Entendemos que los planteamientos señalados sobre ese específico renglón se tomaron académicos luego de emitida dicha resolución. Véase Resolución del 31 de marzo 2008. Por lo tanto, nos limitaremos en esta ocasión a discutir el segundo asunto enumerado por AIICO en su señalamiento de error.
En el segundo asunto contenido en el señalamiento de error, AIICO expone que el TPI erró al no haber determinado que los apelados responden a la apelante bajo el contrato a pesar de que tanto dicho foro como este tribunal habían determinado eso con anterioridad. AIICO entiende que el TPI debió haber determinado que los apelados están obligados a responderle bajo el contrato suscrito por éstos el 23 de febrero de 1996. Sin embargo, la apelante reconoce que no fue una de las partes suscribientes del contrato sobre el cual está basada su demanda. Ésta indica que el no haber suscrito dicho contrato de por sí no crea una confusión, sino que establece una cuestión de interpretación que debe ser dilucidada en su momento para determinar la verdadera intención de los contratantes. Señala AIICO que dicha intención puede ser establecida mediante documentos presentados que demuestran que los apelados, a través de sus actos, siempre tuvieron la intención de que la apelante expidiera fianzas a solicitud de Industrias Avícolas.
*1051 Luego de hacer un análisis del contrato en controversia y de los reclamos esbozados por AIICO en su demanda, concluimos que actuó correctamente el TPI al determinar que la apelante no es titular del derecho que reclama. De la demanda examinada por el TPI y de la documentación posterior presentada por las partes no surge una controversia esencial de hechos y como cuestión de Derecho no había razón para que no se dictara sentencia sumaria. Del propio contrato surge que cinco empresas expresamente nombradas en el mismo, ninguna de las cuales es AIICO, fueron quienes se comprometieron a actuar como fiadoras.
Tal como concluyó el foro apelado, el contenido del contrato contradice lo aseverado en la demanda respecto a que los apelados suscribieron el contrato a favor de AIICO. No surge del contrato en controversia que la apelante sea una de las compañías comprometidas a prestar fianza. Por lo tanto, no puede concluirse que la apelante haya sido una de las partes contratantes, o que los apelados se hayan comprometido a responder a ésta en caso de que actuara como fiadora.
La apelante ha señalado que en otras jurisdicciones se ha interpretado provisiones y cláusulas similares en contratos de indemnidad y sumariamente han denegado argumentos como los esbozados por los apelados indicando que las protecciones bajo este tipo de contratos se extiende a otras fiadoras no comprendidas expresamente o nombradas en un contrato de indemnidad. [3] Sin embargo, es de extrema pertinencia destacar que las normativas jurídicas invocadas por la apelante no son mandatorias en nuestra jurisdicción en donde impera la doctrina de interpretación de contratos contenida en nuestro Código Civil, conforme corresponde a un sistema jurídico de estirpe continental europeo y no de génesis en el derecho común (Common Law).
Sobre el particular conviene puntualizar que nuestro Tribunal Supremo ha advertido la prudencia y precaución que debe regir la adopción en nuestro ordenamiento de doctrinas desarrolladas en el derecho anglosajón que pueden no ser armoniosas con las particularidades de nuestro derecho de entronque civilista. En definitiva, es un error acudir al derecho común anglosajón (Common Law) para resolver situaciones que, como la del presente caso, están reguladas por el derecho civil (Civil Law). Corpak, Art. Printing v. Ramallo Brothers, 125 D.P.R. 724, 735 infine (1990); Dalmau v. Hernández Saldaña, 103 D.P.R. 487 (1975).
Como indicamos, nuestro Código Civil establece que cuando los términos de un contrato son claros y no dejan duda sobre la intención de los contratantes, se estará al sentido literal de sus cláusulas. Art. 1233 del Código Civil de Puerto Rico, supra. Marina Ind. Inc. v. Brown Boveri Corp. 114 D.P.R. 64 (1983) En esas instancias no cabe recurrir a reglas de interpretación sobre la intención de los contratantes. No es este el caso en que el texto del contrato sea uno ambiguo y que sea necesario interpretar la intención de las partes al suscribirlo. Sencillamente, el contrato no puede surtir efecto sobre AIICO porque ésta no fue parte suscribiente del mismo. Como ha expresado el Tribunal Supremo, el contrato de fianza no puede convertirse en una carta blanca para imponer, mediante interpretación judicial, obligaciones que un fiador nunca pensó asumir. Caguas Plumbing, Inc. v. Continental Const. Corp., supra.
Tal como sostuvo el TPI, éste tampoco es el caso en el que alguna de las compañías que suscribieron el contrato hayan solicitado a AIICO que expidiera la fianza. Por lo menos tal requerimiento no surge de las alegaciones de la demanda ni de la documentación presentada por AIICO. Por tal razón no puede concluirse que exista causa de acción contra los apelados. La apelante sencillamente no es titular del derecho que reclama por lo que está impedida en Derecho de reclamar un “derecho” que en cuanto ella es inexistente; máxime cuando no ha podido demostrar que fue una parte contratante.
Otro argumento esbozado por la apelante se refiere a que los documentos anejados a la demanda y a la moción de oposición de la solicitud de desestimación, acreditan la intención de los apelados, ya que demuestran que las gestiones realizadas por éstos para la obtención de la fianza fueron hechas con AIICO, a través de un corredor de Industrias Avícolas. Sin embargo, entendemos que aunque en el membrete de dicha documentación surja el nombre de AIICO, de la misma no puede desprenderse compromiso alguno de los apelados de indemnizar *1052 a dicha compañía ni la obligación de éstos en virtud del contrato. El mero hecho de que el nombre de AIICO aparezca en el membrete de otros documentos anejados a la demanda, no es suficiente bajo las normas jurídicas aplicables en nuestra jurisdicción previamente expuestas para llevamos a concluir que ello es demostrativo de la existencia de una obligación de los apelados con la apelante. Tampoco el hecho de que American International Companies aparezca en el membrete del contrato en controversia puede llevar a concluir que AIICO forme parte del mismo. Como ya indicamos, ni de dicho membrete como tampoco del contenido del contrato surge que la apelante haya sido reclutada por una de las compañías contratadas por los apelados para expedir la fianza.
Por último, la apelante argumenta que el TPI debió determinar que los apelados responden a AIICO bajo el contrato de indemnización porque tanto dicho foro como este Tribunal lo habían determinado con anterioridad. Tal planteamiento es tamibén inmeritorio. Coincidimos con la interpretación del TPI respecto a que no es aplicable la doctrina de la ley del caso tanto con respecto a la resolución que emitiera el TPI el 25 de agosto de 2005, como tampoco en relación con la resolución que emitiera este tribunal el 28 de febrero de 2005. Sobre dicho particular meramente debemos expresar que las expresiones vertidas en esas ocasiones por los indicados foros judiciales no adjudicaron de forma final la responsabilidad de los apelados. De ahí que concluyamos que en ningún momento el TPI, como tampoco este Tribunal, hicieron determinación alguna en tomo a que dichas expresiones haya constituido una disposición parcial o total del pleito en relación a dicho asunto.
IV
Por los fundamentos anteriormente expresados, los cuales hacemos formar parte integrante de esta sentencia, confirmamos en todas sus partes la sentencia emitida por el TPI.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.
Leda. Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones
ESCOLIOS 2010 DTA 50

. Véase nota al calce número “2”.

. Es menester puntualizar que estando la señora Nelsa López Colón (señora López Colón) inconforme con nuestra Resolución acreditando la jurisdicción de este Tribunal instó Recurso de Certiorari (CC-08-506) ante el Tribunal Supremo el 4 de junio de 2008 el cual fue declarado No Ha Lugar mediante Resolución del 24 de octubre de 2008, notificada el 15 de enero de 2009. En su consecuencia, el 29 de abril de 2009 emitimos resolución requiriéndole a los apelados presentar su oposición al recurso en el término de treinta (30) días. Posteriormente, uno de los apelados solicitó y obtuvo prórroga para presentar su(s) alegato(s). De ahí que los apelados, los señores Osvaldo Rivera Mercado, Mercedes Zayas Pizarra y Julio E. Torres presentaron su Alegato Conjunto el 4 de junio de 2009. El 5 de junio de 2009 presentó su alegato la apelada, señora López Colón, mientras que el 17 de julio de 2009 hace lo mismo el apelado, señor Mario A. Rodríguez Torres. Así las cosas, el 29 de julio de 2009, la apelante solicita término para presentar réplica consolidada a alegatos de los apelados, lo cual le es concedido mediante nuestra resolución del 6 de agosto de 2009. Finalmente el 10 de agosto de 2009, la apelante presenta réplica consolidada a alegatos de los apelados.

. Véase página 282 del Apéndice del Recurso de Apelación.