Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| CONTINENTAL LORD, INC.<br><br>Apelada<br><br><br>v.<br><br><br>MUNICIPIO AUTÓNOMO DE TOA ALTA<br><br>Apelante | TA2025AP00483 | *Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón*<br><br>Sobre:<br>Sentencia declaratoria; Arbitrio de Construcción<br><br>Caso núm.:<br>BY2025CV00786 |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 5 de diciembre de 2025.

El 27 de octubre de 2025, el Municipio Autónomo de Toa Alta (el Municipio o la parte apelante) presentó ante nos un recurso de *Apelación* en el que solicitó que revoquemos una *Sentencia* emitida el 27 de agosto de 2025, notificada el 28 de agosto de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario).[1]

En el aludido dictamen, el foro primario resolvió que, a Continental Lord, Inc., (Continental o la parte apelada) le aplica la exención del pago de arbitrios de construcción que ostenta la Autoridad de Energía Eléctrica (AEE) y, por tanto, ordenó que la parte apelante le devolviera la suma de $93,177.23 que pagó la parte apelada bajo protesta.

---

[1] Entrada Núm. 24 del caso BY2025CV00786 en el Sistema Unificado del Manejo de Casos (SUMAC).

Por los fundamentos que expondremos a continuación, revocamos la *Sentencia* apelada.

**I.**

El caso de epígrafe tuvo su origen cuando el 14 de febrero de 2025, la parte apelada radicó una *Demanda* en la que sostuvo que el 19 de agosto de 2022 suscribió un contrato con la AEE para brindar servicios de reemplazo de postes y alumbrado, el cual tenía finalidad el 18 de agosto de 2025.[2] Es menester señalar que, Continental brindaba servicios a los diversos municipios. Sin embargo, el 14 de enero de 2025, el Municipio le cursó a la parte apelada una factura preliminar en la que le cobró el monto de $93,177.23 en concepto de arbitrios de construcción. En respuesta, el 15 de febrero de 2025, Continental alegó que le cursó una misiva en la que sostuvo que no le eran de aplicación los arbitrios de construcción puesto que los trabajos que llevaba a cabo eran en zonas que son de jurisdicción de la AEE y, por tanto, dicha corporación está exenta del pago de arbitrios de construcción.

Empero, el 15 de enero de 2025, la parte apelada adujo que pagó la cuantía reclamada por la parte apelante. Ante ello, el 28 de enero de 2025, la parte apelada instó una *Solicitud de reconsideración* en la que afirmó su reclamo con respecto a que le es de aplicación la exención del pago de arbitrios y, por tanto, está exenta del cobro de estos. Consecuentemente, la parte apelada solicitó que el TPI emitiera una *Sentencia Declaratoria* en la que estableciera que le es de aplicación la exención contributiva o, en la alternativa, que los trabajos que realiza no son obras de construcción.

Tras diversos trámites procesales, el 12 de mayo de 2025, la parte apelante instó una *Contestación a la demanda y solicitud de desestimación,* en la que, en su mayoría, negó las alegaciones de la

---

[2] Entrada Núm. 1 del caso BY2025CV00786 en el SUMAC.

parte apelada.[3] Asimismo, argumentó que, el *Código Municipal de Puerto Rico, infra,* estableció que no le es de aplicación la exención del pago de arbitrios de construcción a una compañía de construcción. Ello, pues el citado estatuto fue enmendado para dichos fines. Ante este cuadro, la parte apelante solicitó la desestimación de la causa de acción toda vez que la parte apelada carecía de concedérsele un remedio y no tenía jurisdicción sobre la materia.

En atención a la mencionada moción, el 12 de junio de 2025, la parte apelada presentó una *Oposición a moción solicitando desestimación al amparo de la Regla 10.2 de Procedimiento Civil por falta de alegaciones suficientes que justifiquen conceder algún remedio* en la que sostuvo que, los arbitrios sobre sobre la obra y no con relación al contratista.[4] Además, alegó que las disposiciones que favorecen la imposición de arbitrios de construcción sobre un proyecto de construcción, no pueden tener efecto retroactivo debido a que no pueden menoscabar los derechos y obligaciones contractuales entre las partes. Por tanto, no se puede menoscabar el contrato suscrito entre Continental y el Municipio y, por ende, le es de aplicación la exención que posee la AEE.

El 17 de junio de 2025, notificado el 18 de junio de 2025, el foro primario emitió una *Resolución Interlocutoria* en la que declaró No Ha Lugar la moción de desestimación presentada por la parte apelante tras razonar que las enmiendas aprobadas el 17 de septiembre de 2024, del *Código Municipal de Puerto Rico,* Ley Núm. 107 de 13 de agosto de 2020 (en adelante, *Código Municipal*), 21 LPRA sec. 7001, *et. seq,* no le eran de aplicación puesto que el contrato fue otorgado previo a dichas enmiendas.[5]

---

[3] Entrada Núm. 2 del caso BY2025CV00786 en el SUMAC.
[4] Entrada Núm. 15 del caso BY2025CV00786 en el SUMAC.
[5] Entrada Núm. 17 del caso BY2025CV00786 en el SUMAC.

El 11 de julio de 2025, la parte apelada instó una *Solicitud de sentencia sumaria[6]* en la que adujo que los siguientes asuntos están en controversia:

(a) Si la exención de toda contribución que contiene la Sección 22(a) de la ley orgánica de la AEE (Ley 83-1941) es extensiva y aplica a la Demandante, como contratista de la obra perteneciente a la AEE conforme a lo resuelto por el Tribunal en los casos de Coop. Ahorro *Rincón v. Mun. de Mayagüez, supra*, e *Interior Developers v. Mun. de San Juan, supra*.

(b) Si la Ley 215-2024 cambio el estado de derecho vigente antes de aprobarse dicha ley, de tal modo que la exención contributiva de la Ley 83-1941 no es extensiva al contratista que realiza la obra para y perteneciente a la AEE.

(c) En la alternativa, si la obra contratada por la AEE a la Demandante no es una obra de construcción sujetas al arbitrio de construcción según lo pr[e]visto en los Artículos 8.001(4) y 8.001(53) del *Código Municipal, supra*.

La parte apelada solicitó que el TPI emitiera una *Sentencia Sumaria* en la que declarara que la exención de contribuciones, en la construcción, cubre las obras que lleve a cabo un contratista a favor de la AEE. Ello, dado que la exención contributiva de la AEE se le extiende a un contratista que realice obras de construcción tras ser contratada por la AEE, en este caso Continental. En esa línea, arguyó que, el *Código Municipal, supra*, fue enmendado para que no le aplicara la exención de los arbitrios de construcción a los contratistas. Asimismo, argumentó que la ley orgánica de la AEE es extensiva a los contratistas. No obstante, alegó que en la fecha en que fue suscrito el contrato entre las partes, no le era de aplicación las enmiendas del *Código Municipal, supra*. Consecuentemente, las enmiendas del citado estatuto no pueden tener efecto retroactivo sobre el contrato. Ante lo expuesto, la parte apelada insistió en que el *Código Municipal, supra*, no le era aplicable tras las enmiendas ser posteriores a la fecha de la otorgación del contrato.

Así las cosas, la parte apelante presentó el 5 de agosto de 2025, una *Réplica y oposición a solicitud de sentencia sumaria* en la que expuso su oposición a la moción de sentencia sumaria

---

[6] Entrada Núm. 18 del caso BY2025CV00786 en el SUMAC.

presentada por la parte apelada.[7] Argumentó que, la parte apelada circunscribe sus argumentos en que la exención de los arbitrios de construcción es aplicable a la obra y no al contratista. Ahora bien, señaló que, conforme a la jurisprudencia, a las contrataciones de terceros por parte de la AEE, no le es de aplicación la exención estatutaria de la AEE. En esa línea, la parte apelada adujo que la intención legislativa es que no le es de aplicación la exención del pago de arbitrios de la AEE. Consecuentemente, la parte apelante sostuvo su reclamo, en cuanto a que no se puede disponer sumariamente del caso, dado que aun existía controversia sobre si a la parte apelada no le aplica la exención de arbitrios de construcción tras la intención legislativa ser clara en que solo le aplica dicha exención a la AEE.

El 27 de agosto de 2025, notificada el 28 de agosto de 2025, el TPI emitió una *Sentencia*[8] en la que formuló los siguientes hechos incontrovertidos:

1. Continental es una corporación organizada y existente bajo las leyes de Puerto Rico, que se dedica al negocio de construcción e instalación de líneas eléctricas aéreas y postes, líneas eléctricas soterradas, subestaciones y transformadores.
2. Continental se dedica y mantiene su lugar de negocios fijo en el Municipio de San Juan.
3. El Municipio es una instrumentalidad pública con capacidad para demandar y ser demandada en cualquier tribunal de justicia de conformidad con la Ley Núm. 107 del 14 de agosto de 2020, según enmendada, 21 LPRA §7001 y siguientes, ("Código Municipal").
4. La Autoridad de Energía Eléctrica de Puerto Rico ("AEE") es una entidad gubernamental creada por su ley orgánica, Ley Número 83 de 2 de mayo de 1941 ("Ley 83-1941").
5. La AEE otorgó el contrato número 2023-L00030 (958349) con Continental efectivo el 19 de agosto de 2022 para proveer labor, equipo, materiales e incidentales para realizar el reemplazo de postes y sus luminarias en ciertos sectores del país, incluyendo áreas en el municipio de Toa Alta.
6. La AEE es la dueña de la obra que contrató con Continental para que éste la realizara.
7. El propósito de la obra es contribuir y adelantar el desarrollo económico y el bienestar social de Puerto Rico en el área delegada por ley a esa entidad.
8. El 15 de enero de 2025 Continental envió al Municipio una comunicación donde expresó que los trabajos a ser realizados por Continental en el municipio no estaban sujetos al pago de arbitrios de construcción. En dicho escrito

---

[7] Entrada Núm. 21 del caso BY2025CV00786 en el SUMAC.
[8] Entrada Núm. 24 del caso BY2025CV00786 en el SUMAC.

Continental planteó, entre otros argumentos, que no procedía la imposición de los arbitrios de construcción sobre la obra de la AEE por tratarse de unos trabajos a ser realizados en propiedad de la AEE y para la cual la AEE está exenta de contribuciones, incluyendo arbitrios de construcción según lo dispone la sección 22(a) de la Ley 83-1941.

9. En Factura del 14 de enero de 2025 dirigida a Continental, el Municipio determinó, que la obra estaba sujeta a los arbitrios de construcción bajo el Código Municipal y determinó que el valor de la obra es de $1,552,953.81; por lo cual, impuso el arbitrio de construcción de $93,177.23 y requirió su pago antes de emitir su endoso a la obra.

10. Toda vez que el Municipio requería recibir el pago del arbitrio de construcción antes de emitir su endoso a la obra, el 15 de enero de 2025 Continental hizo el pago bajo protesta de $93,177.23 por concepto de los arbitrios notificados, acogiéndose a lo establecido en el artículo 2.110(c) del Código Municipal, 31 L.P.R.A. 7332(c).

11. El 27 de enero de 2025 Continental le presentó al Municipio una solicitud de reconsideración de la determinación del Municipio.

12. El Articulo 2.110 (c) del Código Municipal concede diez (10) días para que el Director de Finanzas del Municipio emita y notifique una determinación sobre la Solicitud de Reconsideración.

13. El término de diez (10) días venció el 7 de febrero de 2024 y el Director de Finanzas del Municipio no emitió determinación final.

14. El 14 de febrero de 2025 Continental presentó la demanda que nos ocupa.

El foro primario razonó que, para aplicar los arbitrios de construcción, se tenía que examinar el tipo de obra, su localización y a quién pertenece la obra toda vez que los arbitrios se aplican a la obra y no sobre el contratista que la ejecuta. Sin embargo, previo a las enmiendas del *Código Municipal, supra*, la *Ley de la Autoridad de Energía Eléctrica de Puerto Rico,* Ley Núm. 83 del 2 de mayo de 1941 (Ley Núm. 83-1941), según enmendada, 22 LPRA sec. 191, *et. seq*, el estatuto era claro en que la exención del pago de arbitrios de construcción le aplica a un contratista que lleve a cabo una obra en favor de la AEE. Asimismo, determinó que, aplicarle al contrato suscrito entre las partes, la normativa del Código Municipal, *supra,* menoscabaría contractualmente dicho contrato. Ello, pues el contrato fue suscrito previo a la aprobación del *Código Municipal, supra,* Consecuentemente, declaró Con Lugar la *Demanda* y resolvió que Continental goza de la misma exención de arbitrios de construcción que la AEE. Además, ordenó que la parte apelante le

devolviera a la parte apelada el monto de $93, 177.23 pagado bajo protesta por Continental.

Inconforme, el Municipio compareció ante nos en la que coaligó los siguientes señalamientos de error:

Primer error: Erró el Tribunal de Primera Instancia al hacer extensiva la Sección 22 de la Ley 83 de 2 de mayo de 1941, según enmendada, 22 LPRA sec. 191 *et seq.*, para cobijar a la parte demandante-apelada Lord Continental por los trabajos a realizar en la jurisdicción de Toa Alta y liberarle de la responsabilidad del pago de arbitrios de construcción al hacer extensiva interpretaciones judiciales del Tribunal Supremo sobre exenciones contributivas reconocidas a terceros en favor de la parte demandante-apelada cuando resultan inaplicable ante los hechos distinguibles del presente caso.

Segundo error: Erró el Tribunal de Primera Instancia al interpretar que el efecto del cobro de arbitrios de construcción realizada por el Municipio de Toa Alta (demandado-apelante) contra Lord Continental (demandante-apelado) recae indirectamente sobre la Autoridad de Energía Eléctrica y contraviene la política pública la Sección 22 de la Ley 83 de 2 de mayo de 1941, según enmendada, 22 LPRA sec. 191 *et seq.*

Tercer error: Erró el Tribunal de Primera Instancia al interpretar que la enmienda introducida al Código Municipal, Ley 107-2020, mediante la Ley 215-2024 no es aplicable a la controversia.

En atención a nuestra *Resolución*, el 1 de octubre de 2025, la parte apelada instó un Alegato en oposición a la apelación.

Con el beneficio de la comparecencia de las partes, procederemos a resolver el caso ante nos.

**II.**

**A.**

Nuestra Constitución consagra como principio que, "[e]l poder del Estado Libre Asociado para imponer y cobrar contribuciones y autorizar su imposición y cobro por los municipios se ejercerá según se disponga por la Asamblea Legislativa, y nunca será rendido o suspendido". Art. VI, Sec. 2, Const ELA [Const P.R], LPRA, Tomo 1. Con ello, la *Ley de Municipios Autónomos de Puerto Rico*, Ley Núm. 81-1991, 21 LPRA sec. 4001, *et. seq,* (Ley Núm. 81-1991), fue creada

con el propósito de otorgarle a los municipios la autonomía fiscal y gobierno propio para atender con mejor facilidad las necesidades de sus habitantes. *Exposición de Motivos* de la Ley Núm. 81-1991, *supra*. Como política pública, la citada ley propiciaba descentralizar el Gobierno con el fin de desarrollar una mayor autonomía municipal. *Cobra Acquisitions, LLC v. Municipio de Yabucoa*, 210 DPR 384, 398 (2022). En esa línea, fue aprobado el Art. 2002 de la Ley Núm. 81-1991, la cual le delegó a los municipios la facultad de imponer contribuciones, derechos y licencias, entre las que se encuentra el arbitrio de construcción. *Cobra Acquisitions, LLC v. Municipio de Yabucoa, supra*, pág. 398; *Coop. Ahorro Rincón v. Mun. Mayagüez*, 200 DPR 546, 553 (2018). Un municipio puede imponer una contribución, reconocida como arbitrio de construcción, que "reca[yera] sobre el derecho de llevar a cabo una actividad de construcción o una obra de construcción dentro de los límites territoriales del municipio". Art. 1.003(cc) de la Ley Núm. 81-1991, supra sec. 4001; *Const. José Carro v. Mun. Dorado*, 186 DPR 113, 123 (2012); *Levy, Hijo, Inc. v. Mun. de Manatí*, 151 DPR 292, 300 (2000). La facultad de los municipios de imponer arbitrios de construcción en determinada obra está sujeta a que se configure el "hecho imponible" o "evento contributivo" considerado como la realización del nacimiento de la obligación de pagar un tributo. *Interior Development v. Mun. de San Juan*, 177 DPR 693, 704 (2009).

El Art. 1.003 (cc) de la derogada Ley Núm. 81-1991 *supra* sec. 4001, define que un arbitrio de construcción es:

> [A]quella contribución impuesta por los municipios a través de una ordenanza municipal aprobada con dos terceras (2/3) partes para ese fin, la cual recae sobre el derecho de llevar a cabo una actividad de construcción y/o una obra de construcción dentro de los límites territoriales del municipio. Esta contribución se considerará un acto separado y distinto a un objeto o actividad o cualquier renglón del objeto o actividad, que no priva o limita la facultad de los municipios para imponer contribuciones, arbitrios, impuestos, licencias, derechos, tasas y tarifas. La imposición de un arbitrio de construcción por un municipio constituirá también un acto separado y distinto a [cualquier]

imposición contributiva que imponga el Estado, por lo cual ambas acciones impositivas serán compatibles.

Luego, el citado estatuto fue enmendado por la Ley Núm. 130 del 10 de junio de 1998 (Ley Núm. 130-1998). 21 LPRA sec. 4052. El Art. 2.002 de la Ley Núm. 130-1998 estatuye que,

> Toda obra de construcción dentro de los límites territoriales de un municipio, realizada por una persona natural o jurídica privada, o que sea llevada a cabo por una persona natural o jurídica privada a favor o en representación de, o por contrato o subcontrato suscrito con una agencia o instrumentalidad del Gobierno Central o Municipal o del Gobierno Federal, incluyendo aquella obra que no requiera la solicitud o expedición de un permiso por la Administración de Reglamentos y Permisos o por un municipio autónomo, deberá pagar arbitrio de construcción correspondiente, previo al comienzo de dicha obra.
>
> En estos casos, se pagarán dichos arbitrios al municipio donde se lleve a cabo dicha obra previo a la fecha de su comienzo. En aquellos casos donde surja una orden de cambio en la cual se autorice alguna variación al proyecto inicial, se verificará si dicho cambio constituye una ampliación y de así serlo se computará el arbitrio que corresponda.
>
> Tanto la Administración de Reglamentos y Permisos como la Oficina de Permisos Municipal, en el caso de municipios autónomos, no podrán otorgar permisos de construcción a ninguna obra a ser realizada en un municipio que no cumpla con los requisitos impuestos en este Artículo. A tales fines, todo contratista deberá presentar una certificación emitida por el municipio como evidencia de haber pagado los arbitrios de construcción correspondientes.

En esa línea, la *Exposición de Motivos* de la Ley Núm. 130-1998, dispone que,

> [L]a exención otorgada por la Ley Núm. 199, antes citada, no se extiende a las personas naturales o jurídicas privadas creadas al amparo de las leyes que las rigen, excepto cuando la ley así lo disponga explícitamente; por lo que tampoco es correcto asumir que las protecciones constitucionales y de ley que cobijan a las agencias estatales, corporaciones públicas y municipios, y al Gobierno Federal, se extienden automáticamente a una persona natural o jurídica privada que contrate con éstas para realizar obras de construcción.
> [...]
> La enmienda propuesta en esta Ley tiene como propósito asegurar que todo contratista que realice una obra pública del Gobierno Central, pague el arbitrio de construcción correspondiente en el municipio en donde se lleve a cabo dicha obra, previo al comienzo de la misma. Con esta disposición, la Asamblea Legislativa reafirma la facultad cedida por Ley a los municipios de allegar fondos a sus respectivos Gobiernos Municipales para sufragar los servicios que otorgan a sus ciudadanos.

Ahora bien, el Art. 2.007 de la Ley Núm. 81-1991, *supra* sec. 4057, declaraba exentas de pagar arbitrio a:

[A] quellas obras hechas mediante el método conocido como administración, es decir, como parte de los programas de construcción de una agencia del Gobierno Central o sus instrumentalidades, una corporación pública, un municipio o una agencia del Gobierno Federal. No obstante, esta exención no aplica a las obras de construcción llevadas a cabo por una persona natural o jurídica privada, actuando a favor o en "representación de o por contrato o subcontrato suscrito con una agencia o instrumentalidad del Gobierno Central o Municipal. Tampoco aplica dicha exención cuando se trate de obras de construcción llevadas a cabo por una persona natural o jurídica privada actuando a favor o en representación de o por contrato o subcontrato suscrito con una agencia del Gobierno Federal, cuando las leyes o reglamentos federales aplicables así lo permitan.

Cónsono con ello, la Sección 22 de la *Ley de la Autoridad de Energía Eléctrica de Puerto Rico*, Ley Núm. 83-1941, 22 LPRA sec. 212, estatuye lo siguiente:

[L]a Autoridad no será requerida para pagar ningunas contribuciones estatales o municipales, o impuestos de cualquier tipo sobre ninguna de las propiedades muebles e inmuebles adquiridas por ella o bajo su potestad, dominio, posesión o inspección, o sobre sus actividades en la explotación y conservación de cualquier empresa, o sobre los ingresos derivados de cualesquiera de sus empresas y actividades, o sobre su volumen de negocios.

La obligación de pagar los arbitrios de construcción se encuentra regida por los siguientes elementos: (1) que se trate de una obra de construcción; (2) que esté dentro de los límites territoriales del municipio, y (3) que la realice una persona natural o jurídica privada, o una persona natural o jurídica privada contratada por una agencia o dependencia del Gobierno Central, municipal o federal. *Interior Development v. Mun. de San Juan*, *supra*, pág. 705; *Coop. Ahorros Rincón v. Mun. Mayagüez*, 200 DPR 546, 555 (2018). Para que un municipio pueda imponer un arbitrio tiene que ser a la obra misma. *Íd.* El Tribunal Supremo realizó un análisis del Art. 1.003 (ee) de la Ley Núm. 81-1991, *supra* sec. 4001r, en el que interpretó que una persona contribuyente es aquella que, "tanto la persona que sea dueña de la obra y que personalmente la ejecute, como la que sea contratada para realizar la construcción que, a su vez, podrá pasar el costo al dueño de la obra. *Interior Development v. Mun. de San Juan, supra*, pág. 705. Ahora bien, en *Interior Development v. Mun. de San Juan, supra*, pág.

711, el máximo foro judicial resolvió que "la obligación de pagar un arbitrio de construcción surge cuando una persona natural o jurídica privada, contratada por una agencia o dependencia del Gobierno Central, municipal o federal construye dentro de los límites territoriales del municipio". Si en la obra no concurren los elementos dispuestos en la ley, no nace la obligación de pagar los arbitrios de construcción, de lo contrario si no surge la obligación del pago de arbitrio no es necesario determinar quién es el contribuyente dado que de este surge la obligación de tributar. *Íd.* Además, debe concurrir que sea dentro de los límites territoriales del Municipio y que "la obra sea realizada por una persona natural o jurídica privada, o por una persona natural o jurídica privada contratada por una agencia o dependencia del Gobierno Central, municipal o federal. *Íd.* En fin, para determinar si un municipio tiene facultad para cobrar el arbitrio de construcción se debe examinar, el tipo de obra, localización y a quién le pertenece la obra. *Coop. Ahorros Rincón v. Mun. Mayagüez, supra,* pág. 560. Particularmente, en *Coop. Ahorros Rincón v. Mun. Mayagüez, supra,* pág. 560, el Tribunal Supremo interpretó que, según el texto de la ley, la intención legislativa exige que la exención contributiva en cuestión aplique a las obras de construcción que realizan las cooperativas, independientemente de si las encargaron a un contratista o si las propias cooperativas las realizaron. De igual forma, en *Rio Const. Corp v. Mun. de Carolina,* 153 DPR 615, 623 (2001), fue resuelto que, las entidades privadas que contraten con el Gobierno están incluidas en el pago de los arbitrios de construcción, aunque la agencia contratante esté eximida de solicitar algún permiso con ARPE.

Por otro lado, un panel hermano resolvió en *Lord Construction Group, Inc., v. Municipio Autónomo de San Juan,* KLAN202300577, que la ley habilitadora de la AEE tiene supremacía sobre la Ley Núm.

81-1991, *supra,* tras analizar la ley orgánica de la AEE. Además, interpretó que, ante los hechos de ese caso, la dueña de la obra era la AEE y, por ende, era una persona jurídica exenta del pago de arbitrios de construcción. Destacamos que, dicho panel aplicó por analogía lo resuelto en *Coop. Ahorros Rincón v. Mun. Mayagüez, supra.* Por tanto, ante los hechos particulares de ese caso, dicho panel resolvió que Lord estaba exento de pagar los arbitrios de construcción tras estar estatutariamente exenta de dicho pago. No obstante, en *Municipio de Maunabo v. Cobra Acquisitions, LLC,* KLAN202300022, un panel hermano resolvió que, Cobra no estaba exenta del pago de arbitrios de construcción debido a que la obra era perteneciente a la AEE. Ello, pues atentaría contra el espíritu de la Ley Núm. 81-1991, *supra,* y la intención del legislador. Además, destacó que, la única que está exenta del pago de arbitrios de construcción es la AEE. Al respecto, en *Cobra Acquisitions, LLC v. Municipio de Salinas y otros,* KLAN202500798 cons. KLAN202500540, otro panel hermano razonó que, la exención de pago de arbitrios establecidos en la ley orgánica de la AEE, Ley Núm. 83-1941, *supra,* no establece que dicha exención se le debe extender a favor de personas naturales o jurídicas privadas que sean contratadas para realizar una obra de construcción a favor de la AEE. Este foro revisor determinó que, la AEE está exenta del pago de arbitrios de construcción por ser una corporación pública. De igual forma, en el dictamen se desprende que, la ley orgánica de la AEE no exceptúa a las personas jurídicas o naturales privadas que sean contratadas para una obra de construcción que paguen los arbitrios de construcción. Además, surge del dictamen que, este foro apelativo entendió que no existía una disposición en Ley Núm. 83-1941, *supra,* que confligiera con lo dispuesto en la Ley Núm. 81-1991, *supra.* Consecuentemente, este Tribunal de Apelaciones resolvió que no había intención por parte del legislador en extenderle

la mencionada exención del pago de arbitrios de construcción a Cobra.

Posteriormente, la Ley Núm. 81-1991, *supra*, fue derogada tras ser aprobado el *Código Municipal de Puerto Rico*, Ley Núm. 107-2020, 21 LPRA sec. 7001, *et. seq*, (en adelante, *Código Municipal*). El *Código Municipal, supra*, tiene como política pública el mantener los poderes delegados a los municipios. En lo pertinente a la controversia ante nos, el Art. 2.110 del *Código Municipal supra* sec. 7332, dispone lo relacionado al pago de los arbitrios de construcción. A esos fines, el Art. 2.110 (f) del *Código Municipal, supra*, establece quienes estarán exentos del pago de los arbitrios de construcción, en específico reitera que:

> Quedan exentas del pago de arbitrio de construcción aquellas obras hechas mediante el método conocido como administración, es decir, como parte de los programas de construcción que realice una agencia del Gobierno estatal o sus instrumentalidades, una corporación pública, un municipio o una agencia del Gobierno federal. No obstante, esta exención no aplica a las obras de construcción llevadas a cabo por una persona natural o jurídica, actuando a favor o en representación de, o por contrato o subcontrato suscrito con una agencia pública o corporación pública o instrumentalidad del Gobierno estatal, municipal, o federal. Además, esta exención no será de aplicación a aquella actividad de construcción realizada por un contribuyente en favor de una persona natural o jurídica o entidad pública o privada, aun cuando esta última, como dueño de la obra, sea una entidad exenta, sin que esto constituya o se pueda interpretar como un menoscabo a la exención concedida al dueño de la obra. Tampoco aplica dicha exención cuando se trate de obras de construcción llevadas a cabo por una persona natural o jurídica actuando a favor o en representación de o por contrato o subcontrato suscrito con una agencia del Gobierno federal, cuando las leyes o reglamentos federales aplicables así lo permitan

A esos efectos, las exenciones contributivas deben interpretarse restrictivamente y en caso de duda a favor de su inexistencia, sin frustrar la intención legislativa. *Pfizer Pharm. v. Mun. de Vega Baja*, 182 DPR 267, 279 (2011); *Ortiz Chévere et al. v. Srio. Hacienda*, 186 DPR 951, 976 (2012).

**B.**

El mecanismo procesal de la sentencia sumaria surge de la Regla 36.1 de Procedimiento Civil, 32 LPRA, Ap. V, R. 36.1. El

propósito de esta regla es facilitar la solución justa, rápida y económica de litigios civiles en los cuales no existe controversia real y sustancial de hechos materiales que no requieren ventilarse en un juicio plenario. *Batista Valentín v. Sucn. de José Enrique Batista Valentín y otros*, 2025 TSPR 93, 216 DPR ___ (2025). *Rodríguez García v. UCA*, 200 DPR 929, 940 (2018); *Bobé et al. v. UBS Financial Services*, 198 DPR 6, 20 (2017); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013). El mecanismo de sentencia sumaria procede en los casos en los que no exista controversia reales y sustanciales en cuanto a los hechos materiales y reste disponer las controversias de derecho existentes. *Batista Valentín v. Sucn. de José Enrique Batista Valentín y otros*, 2025 TSPR 93, 216 DPR ___ (2025). *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013); *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 911-912 (1994). La parte que promueve la moción de sentencia sumaria debe establecer con claridad su derecho y demostrar que no existe controversia real en cuanto a algún hecho material. *González Aristud v. Hosp. Pavía*, 168 DPR 127, 137 (2006). En específico, la Regla 36.1 de Procedimiento Civil, *supra*, R. 36.1, establece lo siguiente:

> Una parte contra la cual se haya formulado una reclamación podrá presentar, a partir de la fecha en que fue emplazado pero no más tarde de los treinta (30) días siguientes a la fecha límite establecida por el tribunal para concluir el descubrimiento de prueba, una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación.

No obstante, cualquier duda es insuficiente para derrotar una solicitud de sentencia sumaria. *Ramos Pérez v. Univisión*, 178 DPR 200, 213-214 (2010). Con ello, la duda debe ser de tal naturaleza que permita "concluir que existe una *controversia real y sustancial* sobre hechos relevantes y pertinentes". *Ramos Pérez v. Univisión, supra*, pág. 214.

En contraste, el oponente a la moción de sentencia sumaria está obligado a establecer que existe una controversia real en cuanto a algún hecho material a la controversia y, en ese sentido, no es cualquier duda la suficiente para derrotar la solicitud. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 138 (2015). El oponente, no puede descansar en meras aseveraciones o negaciones de sus alegaciones, sino que debe proveer contradeclaraciones juradas y documentos que sustenten los hechos materiales en disputa. *Batista Valentín v. Sucn. de José Enrique Batista Valentín y otros*, 2025 TSPR 93, 216 DPR ___ (2025). *SLG Zapata-Rivera v. JF Montalvo*, *supra*, pág. 213.; *Ramos Pérez v. Univisión*, *supra*, pág. 215; *Cruz Marcano v. Sánchez Tarazona*, 172 DPR 526, 550 (2007).

Entretanto, la Regla 36.3 de Procedimiento Civil, *supra*, R. 36.3, establece el procedimiento para la consideración de la moción de sentencia sumaria, así como el contenido de la moción y de la contestación de la parte promovida. Respecto a la moción solicitando que se dicte una sentencia sumaria, la Regla 36.3(a) de Procedimiento Civil, *supra*, R. 36.3(a), dispone que tendrá que desglosar lo siguiente:

> (1) una exposición breve de las alegaciones de las partes;
> (2) los asuntos litigiosos o en controversia;
> (3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;
> (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;
> (5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y
> (6) el remedio que debe ser concedido.

La Regla 36.3(b) de Procedimiento Civil, *supra*, R. 36.3(b) prescribe que la contestación a la moción de sentencia sumaria debe contener, además de los sub incisos (1), (2) y (3) del inciso (a): una relación de los hechos esenciales y

pertinentes que están en controversia, con referencia a los párrafos enumerados por la parte promovente y con indicación de la prueba en la que se establecen esos hechos; una enumeración de los hechos que no están en controversia; y las razones por las cuales no se debe dictar la sentencia, argumentando el derecho aplicable.

Así pues, a Regla 36.3(c) de Procedimiento Civil, *supra*, R. 36.3(c) añade que, cuando se presente una moción solicitando sentencia sumaria y se sostenga conforme a la Regla 36, *supra*, la parte promovida no podrá descansar en las aseveraciones contenidas en sus alegaciones. Por el contrario, estará obligada a contestar detallada y específicamente como lo haya hecho la parte promovente de la moción. De no hacerlo, la citada regla prescribe que se dictará la sentencia sumaria en su contra, si procede.

En esa línea, la Regla 36.5, *supra*, R. 36.5 establece que las declaraciones juradas para sostener u oponerse a la moción se basarán en el conocimiento personal de la persona declarante y que contendrán los hechos que serían admisibles en evidencia y demostrarán afirmativamente que la persona declarante está cualificada para testificar en cuanto a su contenido. Asimismo, prescribe que "[c]opias juradas o certificadas de todos los documentos, o de partes de éstos en que se haga referencia en una declaración jurada, deberán unirse a la declaración o notificarse junto con ésta". *Íd.*

Por otro lado, la Regla 36.6, *supra*, instituye el mecanismo a seguir cuando no puedan obtenerse declaraciones juradas. Al respecto, estatuye que, si las declaraciones juradas de la parte que se oponga a la moción resultan que no puede presentar mediante declaraciones juradas hechos esenciales para justificar su oposición, entonces el tribunal podrá denegar la solicitud de sentencia sumaria o posponer su consideración. De posponer la consideración, el foro primario podrá dictar cualquier orden que

entienda justa y le concederá a la parte promovida un término razonable para obtener declaraciones juradas, tomar deposiciones o conseguir que la parte contraria le facilite cierta evidencia.

Sin embargo, los tribunales no podrán dictar sentencia sumaria en cuatro situaciones: (1) cuando existan hechos materiales y esenciales controvertidos; (2) cuando existen alegaciones afirmativas en la demanda sin refutar; (3) cuando surge de los propios documentos que acompañan la moción en solicitud de sentencia sumaria que existe una controversia sobre algún hecho material o esencial; o (4) cuando no procede como cuestión de Derecho. *Oriental Bank v. Perapi*, 192 DPR 7, 26-27 (2014).

Conforme con esos principios, en *Meléndez González et al. v. M. Cuebas*, supra, el Tribunal Supremo delineó el estándar que el Tribunal de Apelaciones debe utilizar para revisar una denegatoria o una concesión de una moción de sentencia sumaria.

En primer lugar, reafirmó que el Tribunal de Apelaciones se encuentra en la misma posición que el TPI al momento de revisar solicitudes de sentencia sumaria, siendo su revisión una *de novo* y teniendo la obligación de regirse por la Regla 36 de Procedimiento Civil, *supra*, y los criterios que la jurisprudencia le exige al foro primario. *Íd.*, pág. 118. Asimismo, deberá examinar el expediente de la manera más favorable hacia la parte promovida, llevando a cabo todas las inferencias permisibles a su favor. *Íd.* Ahora bien, reconoció que el foro apelativo está limitado, toda vez que no podrá tomar en consideración evidencia que las partes no presentaron ante el foro primario, ni podrá adjudicar los hechos materiales en controversia. *Íd.*

En segundo lugar, prescribió que el Tribunal de Apelaciones deberá revisar que tanto la moción en solicitud de sentencia sumaria, como la oposición, cumplan con los requisitos

de forma codificados en la Regla 36 de Procedimiento Civil, *supra*. Íd.

En tercer lugar, mandató que, ante la revisión de una sentencia dictada sumariamente, el Tribunal de Apelaciones deberá revisar si en realidad existen hechos materiales en controversia y, de haberlos, estará obligado a exponer específicamente cuáles hechos materiales están en controversia y cuáles no, en cumplimiento con la Regla 36.4 de Procedimiento Civil, *supra*, R. 36.4. *Íd.*

En cuarto lugar, dispuso que, si encuentra que los hechos materiales realmente no están en controversia, entonces el Tribunal de Apelaciones deberá revisar *de novo* si el foro primario aplicó correctamente el Derecho. *Íd.*, pág. 119.

**III.**

En el caso de autos, la parte apelante argumentó que, el TPI erró en aplicar la Sección 22 de la Ley Núm. 83-1941, *supra*, debido a que no le aplica la exención de arbitrios de construcción que ostenta la AEE y, por tanto, la parte apelada debe pagar los arbitrios de construcción interpelados por la parte apelante. Asimismo, alegó que las enmiendas vigentes en el *Código Municipal, supra*, son aplicables a la controversia del caso.

Por estar relacionadas los señalamientos de error, procederemos a discutirlos en conjunto.

Conforme las normas jurídicas pormenorizadas, este foro se encuentra en la misma posición que el TPI con respecto a revisar una solicitud de sentencia sumaria. En primer lugar, nos corresponde evaluar si las partes cumplieron con los requisitos de forma exigidos por la Regla 36.3 de Procedimiento Civil, *supra*, respecto a la moción de sentencia sumaria, así como su oposición.

Luego de evaluar la *Solicitud de solicitud de sentencia sumaria*, presentada por la parte apelada, concluimos que esta cumplió con

los requisitos de forma establecidos en la Regla 36.3 de Procedimiento Civil, *supra*, R. 36.3. En dicha solicitud, la parte apelada enumeró varias determinaciones de hechos que a su juicio no había controversia sobre ellos. En aras de respaldar los hechos incontrovertidos, anejó los documentos correspondientes e hizo referencia a cada uno de ellos de forma específica.

Por otra parte, en la *Réplica y Oposición a solicitud de sentencia sumaria* la parte apelante cumplió con los requisitos de forma dispuestos en la citada regla. Ello, pues la parte apelante enumeró los hechos en los que razonaba no existía controversia de hechos y los que aún existía controversia de hecho.

Ahora nos corresponde determinar si existen hechos en controversia que imposibilitan la disposición sumaria del caso. Luego de un examen cuidadoso del expediente y las mociones de sentencia sumaria y oposición, así como los documentos incluidos en las mociones de sentencia sumaria, concluimos que no existen hechos materiales en controversia. Consecuentemente, coincidimos con las determinaciones acogidas por el foro primario y, por tanto, adoptamos las determinaciones de hechos. Por último, nos corresponde revisar *de novo* si el TPI aplicó correctamente el derecho aplicable al caso de marras.

De entrada, destacamos que, dado a que el contrato suscrito entre las partes fue previo a la vigencia y aprobación del *Código Municipal, supra,* no aplicaremos a la controversia del caso el citado estatuto. Consecuentemente, no discutiremos ni aplicaremos a la controversia del caso la normativa dispuesta en el *Código Municipal, supra.*

Resaltamos que, "Al interpretar un estatuto, la intención legislativa debe ser buscada en el lenguaje usado en él, con la ayuda que permiten las reglas de hermenéutica legal. Al descargar nuestra función de interpretar una disposición particular de un estatuto

debemos siempre considerar cuáles fueron los propósitos perseguidos por la Asamblea Legislativa al aprobarlo, de manera que nuestra interpretación asegure la efectividad de la intención que lo anima." *Romero Barceló v. ELA*, 169 DPR 460, 502 (2006), citando a: *Irizarry v. J & J Cons. Prods. Co., Inc.*, 150 D.P.R. 155 (2000); *Dorante v. Wrangler of PR*, 145 DPR 408 (1998); *Vázquez v. ARPe.*, 128 DPR 513 (1991). Con ello en mente, los municipios están facultados para imponer impuestos como lo es un arbitrio de construcción. No obstante, los estatutos rigen hasta que extremo y a quien se le debe eximir del pago de estos. Así pues, para que un municipio pueda determinar si procede cobrar un arbitrio de construcción se debe considerar el tipo de obra, localización y a quién le pertenece la obra. A esos fines, la Sección 22 de la Ley Núm. 83-1941, *supra*, dispone que,

> [L]a Autoridad no será requerida para pagar ningunas contribuciones estatales o municipales, o impuestos de cualquier tipo sobre ninguna de las propiedades muebles e inmuebles adquiridas por ella o bajo su potestad, dominio, posesión o inspección, o sobre sus actividades en la explotación y conservación de cualquier empresa, o sobre los ingresos derivados de cualesquiera de sus empresas y actividades, o sobre su volumen de negocios.

No obstante, el Art. 2.007 de la Ley Núm. 81-1991, *supra*, estatuye que,

> [A]quellas obras hechas mediante el método conocido como administración, es decir, como parte de los programas de construcción de una agencia del Gobierno Central o sus instrumentalidades, una corporación pública, un municipio o una agencia del Gobierno Federal. No obstante, esta exención no aplica a las obras de construcción llevadas a cabo por una persona natural o jurídica privada, actuando a favor o en "representación de o por contrato o subcontrato suscrito con una agencia o instrumentalidad del Gobierno Central o Municipal. Tampoco aplica dicha exención cuando se trate de obras de construcción llevadas a cabo por una persona natural o jurídica privada actuando a favor o en representación de o por contrato o subcontrato suscrito con una agencia del Gobierno Federal, cuando las leyes o reglamentos federales aplicables así lo permitan.

Ante ello, para conocer si es aplicable los arbitrios de construcción, deben concurrir los siguientes requisitos jurisprudenciales, los cuales son: la obligación de pagar los arbitrios

de construcción se encuentra regida por los siguientes elementos: (1) que se trate de una obra de construcción; (2) que esté dentro de los límites territoriales del municipio, y (3) que la realice una persona natural o jurídica privada, o una persona natural o jurídica privada contratada por una agencia o dependencia del Gobierno Central, municipal o federal. *Interior Development v. Mun. de San Juan, supra*, pág. 705; *Coop. Ahorros Rincón v. Mun. Mayagüez, supra*, pág. 555.

En virtud de las normas jurídicas pormenorizadas, resolvemos que, tras un examen detallado de los estatutos y la normativa relacionada a la exención de los arbitrios de construcción, dicha exención no se le debe extender a la parte apelada. Es forzoso concluir que, luego de esta Curia realizar un examen exhaustivo de la intención legislativa, no surge que la intención del legislador era que se le ampliase la exención del pago de los arbitrios a las personas naturales o jurídicas privadas que sean contratadas por una corporación pública, como la AEE, para una obra de construcción. Tampoco se desprende de los estatutos citados en nuestra segunda parte que, se le debe excluir del pago de arbitrios de construcción a una persona jurídica privada, como lo es la parte apelada. Es patente que, la exención del pago de arbitrios le fue concedida a la AEE por ser una corporación pública pero no se le extiende a personas naturales o jurídicas privadas.

En lo que respecta al caso ante nos, Continental cumple con los requisitos establecidos en *Interior Development v. Mun. de San Juan, supra,* pág. 705. Además, reiteramos que, las normas jurídicas no establecen expresamente que personas jurídicas como Continental se les debe eximir del pago de los arbitrios de construcción. Ello, pues Continental fue contratada para trabajos de servicios eléctricos en varios municipios, entre ellos el Municipio de Toa Baja. Resolver en contrario, atentaría contra la intención del

legislador con relación a quien eximir del pago de arbitrios y con el mandato de ley. La Ley Núm. 81-1991, *supra,* provee los trámites para que una compañía que haya sido contratada por la AEE cumpla con el pago de los arbitrios de construcción. Asimismo, el máximo foro judicial ha reiterado que, las exenciones contributivas deben interpretarse restrictivamente y en caso de duda a favor de su inexistencia, sin frustrar la intención legislativa. *Pfizer Pharm. v. Mun. de Vega Baja,* 182 DPR 267, 279 (2011); *Ortiz Chévere et al. v. Srio. Hacienda,* 186 DPR 951, 976 (2012). Por tanto, ante la ausencia de expresamente disponer que las compañías privadas como la parte apelada, y sin atentar en contra del espíritu de la ley, determinamos que Continental debe cumplir con el pago de arbitrios de construcción reclamados por el Municipio.

A la luz de lo esbozado, resolvemos que la parte apelada debe cumplir con el pago de los arbitrios de construcción dado que no se le debe extender la exención que posee la AEE con respecto al pago de arbitrios de construcción.

**IV.**

Por los fundamentos que expondremos a continuación, revocamos la *Sentencia* apelada y devolvemos el caso ante el foro primario para la continuación de los procedimientos conforme a lo aquí resuelto.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones